UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALKER INTERNATIONAL HOLDINGS :
LIMITED
                                          :

            Plaintiff
                                          :

     v.                                    Case Number 1:05-mc-156
                                          :

REPUBLIC OF THE CONGO, et al.,    :

          Defendants                    :

**PLAINTIFF/JUDGMENT CREDITOR'S PRAECIPE AND
MOTION FOR WRIT OF ATTACHMENT *FIERI FACIAS***

      Pursuant to Federal Rule of Civil Procedure 69 and Superior Court Civil Rule 4, plaintiff/judgment creditor Walker International Holdings Limited ("Walker"), by and through its undersigned counsel, hereby moves for an order directing the Clerk of this Court to issue a writ of attachment *fieri facias* against garnishee-Delaware-corporation CMS Nomeco Congo, Inc. ("CMS" or "Garnishee"), in accordance with Section 1610 (c) of the Foreign Sovereign Immunities Act ("FSIA"). 28 U.S.C. § 1610(c). In support of this motion, Walker respectfully states as follows:

### INTRODUCTION

    1.    This is a proceeding in aid of execution on a judgment in the amount of $26,093,251.00, plus interest and costs, entered in favor of Walker against the Republic of Congo ("Congo") and Caisee Congolaise D'Amortissement ("CCA") (collectively, "Defendants"). Defendants have been diligently seeking to collect on this judgment since July 2000. Now, Walker respectfully requests an order, pursuant to 28 U.S.C. § 1610(c)

of the FSIA, and in accordance with Chapter 49 of Title 10 of the Delaware Code Annotated, permitting it to obtain a writ of attachment *fieri facias* (garnishment) on CMS.

2. Walker is a creditor of Congo under a judgment obtained through recognition of an arbitration award made by the International Chamber of Commerce ("ICC") in 1998. Following a hearing in which Congo actively participated, the ICC found that Congo was liable to Walker and issued an award for $26,093,251.00, plus interest. On December 13, 2000, Walker filed an action in the United States District Court for the District of Columbia against Congo and CCA to confirm the arbitration award. Neither Congo nor CCA appeared in that action. On March 15, 2002, the court entered a judgment against Congo and CCA for $26, 093, 251.00, plus interest and costs. Neither Congo nor CCA has taken any steps to satisfy that judgment. The judgment of the United States District Court for the District of Columbia has been registered in this Court. (D.I. 1).

3. CMS is proper garnishee. First, it is a Delaware corporation. Second, under an agreement between Congo and CMS, as assignee dated May 25, 1979, CMS is authorized to exploit oil reserves in Congo in exchange for CMS's obligation to make royalty and other payments to Congo and its affiliates (the "Convention"). As per the Convention and CMS' exploitation of oil reserves thereunder, CMS has become indebted to Congo. The United States Court of Appeals for the Fifth Circuit has held that CMS's obligation to Congo is subject to garnishment in the United States where the debt is located. *See Af-Cap, Inc. v. Republic of Congo et al.*, 383 F.3d 361, *modified* 389 F.3d 503, *cert. denied* 389 F.3d 503 (2004), *cert. denied* 125 S.Ct. 1735 (2005).

# ARGUMENT

## I. The Applicable Legal Standards

4. A writ of execution is a writ to enforce a judgment by the seizure and sale of property of the debtor in satisfaction of judgment. Under the federal system, a judgment creditor must pursue enforcement of its judgment through a writ of execution. Fed. R. Civ. P. 69(a) ("Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise."). Procedures supplementary to and in aid of a judgment, including collection of property of a judgment debtor in the hands of a third party are governed by state law, absent a controlling federal statute.

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceeding on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Fed. R. Civ. P. 69(a). See also *LNC Invest. Inc. v. Democratic Rep. of Congo*, 69 F. Supp.2d 607, 611 (D. Del. 1999).

5. Under Delaware law, a plaintiff who has a judgment in any court of record may seek to attach property of the judgment debtor that is held by a garnishee located in Delaware.

> The plaintiff in any judgment in a court of record, or any person for such plaintiff lawfully authorized, may cause an attachment, as well as any other execution, to be issued thereon, containing an order for the summoning of the garnishees, to be proceeded upon an returned as in cases of foreign attachment. The attachment condemnation, or judgment thereon, shall be pleadable in bar by the garnishee in any action against the garnishee at the suit of the defendant in the attachment.

10 *Del. C.* § 5031. Property subject to attachment includes "[g]oods, chattels, rights, credits, moneys, effects, lands and tenements." 10 *Del. C.* § 3508. *See also LNC Invest.*,

69 F. Supp.2d at 611; *Wilmington Trust Company v. Barron*, 470 A.2d 257, 262-63 (Del. 1983); *McNeilly v. Furman*, 95 A.2d 267, 270-71 (Del. 1953) (holding that property subject to garnishment includes debts owed the judgment debtor by the garnishee). Corporations are subject to attachment. 10 *Del. C.* §§ 3502 (providing that corporations are subject to attachment and garnishment).

6. In Delaware, the appropriate form for attachment of a debtor's property in the hands of a third party is a writ of attachment *fieri facias*. *LNC Invest.*, 69 F. Supp. 2d at 611; *Wilmington Trust*, 470 A.2d at 262.

> [W]hen the property attached is not to be physically seized, but is in the possession or control of another, or if the thing to be attached is not such property as is susceptible of seizure, such as rights and credits, the sheriff must summon the person who has the goods, chattels, rights, credits, money or effects of the defendant in his possession, who is termed the garnishee, to appear at the court to which the writ is returnable, and declare what property of the defendant he has in his hands. Significantly, the writ of attachment fi. fa. is not served upon the defendant, but upon the garnishee.

*Wilmington Trust*, 470 A.2d at 263.

## II. ISSUANCE OF A WRIT OF ATTACHMENT *FIERI FACIAS* IS PERMISSIBLE UNDER THE FSIA

7. The FSIA is applicable to Walker's motion pursuant to Federal Rule of Civil Procedure 69. Congress intended the FSIA to "provide the judgment creditor some remedy if, after a reasonable period, a foreign state or its enterprise failed to satisfy a final judgment." H.R. Rep. No. 94-1487, at 8 (1976) U.S.C.C.A.N. 6604, 6606. Specifically, the FSIA provides that a court must oversee the issuance of writs in aid of execution against a foreign sovereign. Before attempting to serve an attachment in aid of execution on a judgment against a foreign state, a judgment creditor must first seek a determination from a court "that a reasonable period of time has elapsed following the

entry of judgment and the giving of any notice required under section 1608(e) of this chapter." 28 U.S.C. § 1610(c). Section 1608(c) provides that when a court enters a default judgment against a foreign state, the judgment creditor must serve a copy of the default judgment on the foreign state in the manner prescribed by § 1608. Thus, Walker is entitled to the issuance of a garnishment writ if (i) it has served notice of the default judgment in the manner prescribed by Section 1608; and (ii) a reasonable period of time has elapsed since serving notice of the default judgment. Both requirements are satisfied here.

8.  First, Walker served the default judgment on Congo in the manner prescribed by Section 1608. That section provides for service of a summons and complaint (and also a default judgment) on a foreign state by one of four means. A plaintiff may effect services: (i) "in accordance with any special arrangement for service"; or (ii) "if no special arrangement exists…in accordance with an applicable international convention on service"; or (iii) "if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to the be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned"; or (iv) "if service cannot be made within 30 days under paragraph (3)" by effecting service through the State Department. 28 U.S.C. § 1608(a)(1)-(4).

9.  Because there was no special arrangement for service of process between Walker and Congo, and no applicable international convention on service, Walker first attempted to serve Congo pursuant to Section 1608(a)(3). On April 11, 2002, the Clerk

for the United States District Court for the District of Columbia (the "Clerk") mailed the copies of the default judgment, notice of default, together with a translation of each into French by registered mail, return receipt requested to the head of the ministry of foreign affairs of Congo. More than thirty days elapsed, and Walker had not received confirmation of service. On June 11, 2002, Walker initiated service on Congo pursuant to Section 1608(a)(4). Pursuant to Walker's request, the Clerk mailed copies of the default judgment, notice of default judgment, together with translations of each to the State Department. On August 23, 2002, notice of the default judgment was served on Congo through the diplomatic channels. *See* Exhs. A - C hereto.

10.    Second, a reasonable period of time has elapsed since Walker served notice of the default judgment. In determining whether a reasonable period of time has elapsed, a court should consider whether the foreign state has taken any steps to satisfy the judgment. *See* H.R. Rep. No. 94-1487, at 30, *reprint* in 1976 U.S.C.C.A.N. at 6629. After nearly one year passed between service on Congo on August 23, 2002, and Congo had taken no steps to satisfy the judgment, Walker first sought writs of attachment and garnishment in the Texas federal courts. *See Walker International Holdings Limited v. Republic of the Congo and Caisse Congolaise D'Amortissement*, Civil Action No. MC-03-299 (S.D. Tex. August 11, 2003). Moreover, several years have passed since the underlying arbitration award, and Congo has refused to make any payments. Having waited more than eleven months to initiate actions in aid of execution was a reasonable period of time. *See, e.g., Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six weeks); *Richmark Corp. v. Timber Falling Consultants*, 1990 WL 84598, *2 (D. Or. May 31, 1990) (thirty days); *Gadsby &*

*Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (S.D.N.Y. 1988) (two plus months); *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420 (S.D.N.Y. 1987) (three months). Walker's continuing efforts to collect on its judgment now brings it to Delaware, the garnishee's state of incorporation.

11.   Under Delaware law, the Prothonotary of the Superior Court may issue a writ of attachment *fieri facias*. *See* Superior Court Civil Rule 4(a) (directing Prothonotary to issue writs in aid of execution, which are served by the sheriff).[1] The FSIA act requires that the judgment creditor provide notice of the default judgment (which Walker has done), but it does not require that the judgment creditor provide notice to the judgment debtor that it is seeking attachment in aid of execution. 28 U.S.C. § 1610(c). On this point, *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70 (2d Cir. 2002), *cert. denied* 539 U.S. 904 (2003) is instructive. In that case, plaintiff confirmed an arbitration award against a sovereign instrumentality in the United States District Court for the Southern District of New York. *Id.* at 77. Plaintiff then registered the judgment in the United States District Court for the Southern District of New York. *Id.* That same day, the Southern District of New York issued an *ex parte* writ of execution and restraining notices under state law, which plaintiff served on various banks holding accounts of the judgment debtor. *Id.* at 77-78. The Second Circuit affirmed. Furthermore, Walker will serve the instant motion in both English and French upon Congo. Accordingly, this Court should order the Clerk to issue a writ of attachment *fieri facias* (garnishment) directed to CMS.[2]

---

[1] Analogously, then, the United States Marshall should effect service of writs in aid of execution in a federal action such as this one.

[2] A proposed writ of garnishment is being filed concurrently herewith.

## CONCLUSION

For all the foregoing reasons, Walker respectfully requests that this Court enter an order pursuant 28 U.S.C. § 1610(c), in a form substantially similar to the one attached hereto, directing the Clerk to issue a writ of attachment *fieri facias* (garnishment) upon CMS.

| | |
|---|---|
| **GREENBERG TRAURIG LLP**<br>Sanford M. Saunders, Jr.<br>Kenneth P. Kaplan<br>800 Connecticut Avenue, N.W.<br>Suite 500<br>Washington, DC 200006<br>(202) 331-3100<br><br><br><br><br><br>*Attorneys for Walker International Holdings Limited*<br><br>Dated: August 31, 2005 | **GREENBERG TRAURIG LLP**<br><br>_____<br>Paul D. Brown (No. 3903)<br>Joseph B. Cicero (No. 4388)<br>The Brandywine Building<br>1000 West Street, Suite 1540<br>Wilmington, DE 19801<br>(302) 661-7000<br><br><br><br>*Attorneys for Walker International Holdings Limited* |

DEL-FS1\147902v02

8