# EXHIBIT A-2

PL 107-117, January 10, 2002, 115 Stat 2230

UNITED STATES PUBLIC LAWS
107th Congress - First Session
Convening January, 2001

PL 107-117 (HR 3338)
January 10, 2002
DEPARTMENT OF DEFENSE AND EMERGENCY SUPPLEMENTAL APPROPRIATIONS FOR RECOVERY FROM AND RESPONSE TO TERRORIST ATTACKS ON THE UNITED STATES ACT, 2002

An Act Making appropriations for the Department of Defense for the fiscal year ending September 30, 2002, and for other purposes.

\* \* \*

<< 28 USCA § 1605 >>

SEC. 208. Section 626(c) of the Departments of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriations Act, 2002 (Public Law 107-77) is amended by striking "1:00CV03110(ESG)" and inserting "1:00CV03110(EGS)".

attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if--

(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), (5), or (7) or 1605(b) of this chapter, regardless of whether the property is or was involved in the act upon which the claim is based.

(c) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if--

(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

(e) The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d).

(f)(1)(A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. § 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such property is not immune under section 1605(a)(7).

(B) Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

(2)(A) At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7), the Secretary of the Treasury and the Secretary of State shall fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

(B) In providing such assistance, the Secretaries--

(i) may provide such information to the court under seal; and

(ii) shall provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

28 U.S.C.A. § 1611

## UNITED STATES CODE ANNOTATED
## TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE

§ 1611. Certain types of property immune from execution

(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if--

(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2) the property is, or is intended to be, used in connection with a military activity and

(A) is of a military character, or

(B) is under the control of a military authority or defense agency.

(c) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

PL 106-386, October 28, 2000, 114 Stat 1464

UNITED STATES PUBLIC LAWS
106th Congress - Second Session
Convening January 24, 2000

PL 106-386 (HR 3244)
October 28, 2000
VICTIMS OF TRAFFICKING AND VIOLENCE PROTECTION ACT OF 2000

An Act To combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude, to reauthorize certain Federal programs to prevent violence against women, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

SECTION 1. SHORT TITLE.

<< 22 USCA § 7101 NOTE >>

This Act may be cited as the "Victims of Trafficking and Violence Protection Act of 2000".

SEC. 2. ORGANIZATION OF ACT INTO DIVISIONS; TABLE OF CONTENTS.

* * *

DIVISION C – MISCELLANEOUS PROVISIONS

* * *

SEC. 2002 PAYMENT OF CERTAIN ANTI-TERRORISM JUDGMENTS.

* * *

<< 28 USCA § 1610 >>

(f) AMENDMENTS.--(1) Section 1610(f) of title 28, United States Code, is amended--

(A) in paragraphs (2)(A) and (2)(B)(ii), by striking "shall" each place it appears and inserting "should make every effort to"; and

(B) by adding at the end the following new paragraph:

"(3) WAIVER.--The President may waive any provision of paragraph (1) in the interest of national security.".

<< 28 USCA § 1606 >>

<< 28 USCA § 1610 NOTE >>

(2) Subsections (b) and (d) of section 117 of the Treasury Department Appropriations Act, 1999 (as contained in section 101(h) of Public Law 105-277) are repealed.

PL 107-77, November 28, 2001, 115 Stat 748

# UNITED STATES PUBLIC LAWS
## 107th Congress - First Session
## Convening January, 2001

PL 107-77 (HR 2500)
November 28, 2001
DEPARTMENTS OF COMMERCE, JUSTICE, AND STATE, THE JUDICIARY, AND RELATED AGENCIES APPROPRIATIONS ACT, 2002

An Act Making appropriations for the Departments of Commerce, Justice, and State, the Judiciary, and related agencies for the fiscal year ending September 30, 2002, and for other purposes.

\* \* \*

<< 28 USCA § 1605 >>

(c) Amend 28 U.S.C. Section 1605(a)(7)(A) by inserting at the end, before the semicolon, the following: "or the act is related to Case Number 1:00CV03110(ESG) in the United States District Court for the District of Columbia".

COUR DE DISTRICT (TRIBUNAL DE PREMIERE INSTANCE) DES ETATS-UNIS D'AMERIQUE POUR LE DISTRICT DE COLUMBIA

| | |
|---|---|
| **WALKER INTERNATIONAL HOLDINGS LIMITED**<br><br>Le Plaignant,<br><br>contre<br><br>LA REPUBLIQUE DU CONGO, et autres<br><br>Les Défendeurs | Action civile N° 00-2987 (JR) |

[stamp]
DEPOSE
15 MARS 2002
NANCY MAYER-WHITTINGTON, GREFFIER
COUR DE DISTRICT (TRIBUNAL FEDERAL DE PREMIERE INSTANCE)
DES ETATS-UNIS D'AMERIQUE

## JUGEMENT

La sentence finale prononcée par la Chambre de commerce international, la Cour internationale d'arbitrage (ci-joint : Pièce à conviction A de la Plainte) est CONFIRMEE et un JUGEMENT est enregistré contre les Défendeurs, la République du Congo et la Caisse Congolaise D'Amortissement, pour la somme de 26 093 251, 00 dollars US.

[signature]
Le très honorable James Robertson
Juge de District des Etats-Unis d'Amérique

Exemplaires à :

Maître Jonathan P. Graham
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005

République du Congo
Aux bons soins du Chef du ministère des Affaires étrangères
B.P. 98
Brazzaville, Congo

Caisse Congolaise D'Amortissement
B.P. 2090
Brazzaville, Congo

Caisse Congolaise D'Amortissement
Aux bons soins du Chef du ministère des Affaires étrangères
B.P. 98
Brazzaville, Congo

## NOTIFICATION DE JUGEMENT PAR DEFAUT A L'INTENTION DE LA CAISSE CONGOLAISE D'AMORTISSEMENT

1. **Intitulé des poursuites judiciaires, nom du tribunal, numéro de cas ou du registre des comptes rendus d'audience :**

*Walker International Holdings Limited contre République du Congo et Caisse Congolaise d'Amortissement* ; Cour de district (Tribunal fédéral de première instance) des Etats-Unis d'Amérique pour le District de Columbia, Action civile N° 00-2987 (JR).

2. **Nom de l'Etat étranger (ou circonscription politique) concerné :**

Caisse Congolaise D'Amortissement.

3. **Identité des autres Parties :**

Walker International Holdings Limited et la République du Congo.

### DOCUMENTS JUDICIAIRES

4. **Nature des documents signifiés :**

Jugement par défaut.

5. **Nature et objet des poursuites ; pourquoi l'Etat étranger (ou la circonscription politique) a-t-il été nommé ; Dédommagements réclamés :**

La présente constitue une action pour confirmer une sentence arbitrale. Aux environs du 20 juillet 2000, la Cour d'arbitrage de la Chambre de commerce internationale, située à Paris, en France, a prononcé une sentence finale d'un montant de 155 678 470, 08 francs français, frais et intérêts en sus, contre la République du Congo et la Caisse Congolaise D'Amortissement, et en faveur du Plaignant, Walker International Holdings Limited. La court de district (Tribunal fédéral de première instance) des Etats-Unis d'Amérique a confirmé la sentence arbitrale et a enregistré un jugement d'un montant de 26 093 251, 00 dollars US contre la République du Congo et la Caisse Congolaise D'Amortissement. La Caisse Congolaise D'Amortissement représente le Défendeur dans ce cas car la sentence arbitrale a été prononcée contre la Caisse Congolaise D'Amortissement.

6. **Date du jugement par défaut (le cas échéant) :**

15 mars 2002.

7.    Une réponse à toute « Assignation » et « Plainte » est requise pour être soumise à la cour, au plus tard 60 jours à compter de la réception de ces documents. La réponse pourra présenter une défense exigée par la loi (y compris une défense relative à l'immunité de l'Etat).

8.    Toute omission de soumettre une réponse en temps utile pourra entraîner un jugement par défaut et une sommation d'exécuter le jugement. Si un jugement par défaut est prononcé, une procédure pourra exister pour annuler ou accorder ce jugement.

9.    Toutes questions relatives à l'immunité de l'Etat et à l'autorité judiciaire des tribunaux des Etats-Unis d'Amérique sur les Etats étrangers sont prévues dans le Foreign Sovereign Immunities Act de 1976, qui figure dans les Articles 1330, 1391(f), 1441(d), et 1602 à 1611, sous le titre 28, du United States Code (Pub. L. 94-583; 90 Stat. 2891).

28 U.S.C.A. § 1330

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1330. Actions contre les états étrangers

(a) Les cours fédérales jouissent de la juridiction d'origine, indépendamment de l'importance de la controverse de toute action civile sans jury contre un État étranger, tel que défini dans l'article 1603(a) du présent titre concernant toute demande de réparation *in personam* pour laquelle l'État étranger n'a pas droit à l'immunité, soit dans le cadre des articles 1605-1607 du présent titre, soit aux termes de toute convention internationale applicable.

(b) La juridiction individuelle couvrant un État étranger existe pour toute demande de réparation relevant de la juridiction des cours fédérales aux termes de l'alinéa (á) où le service a été accompli conformément à l'article 1608 du présent titre.

(c) Aux fins de l'alinéa (b), la comparution d'un État étranger ne confère pas la juridiction individuelle pour toute demande d'assistance ne provenant pas d'une transaction énumérée dans les articles 1605-1607 du présent titre.

28 U.S.C.A. § 1611

CODE DES ÉTATS-UNIS ANNOTÉ
TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1611. Types de propriétés jouissant de l'immunité d'exécution

(a) Nonobstant les dispositions de l'article 1610 de ce chapitre, la propriété des organismes désignés par le Président comme étant autorisé à jouir de privilèges, d'exemptions et d'immunités fournies par la Loi sur les immunités internationales des organismes (International Organizations Immunities Act) ne peuvent faire l'objet de saisie ou de tout autre procédé juridique empêchant le déboursement de fonds à un État étranger ou sur ordre de ce dernier, suite à une action intentée auprès des cours des États-Unis et des États.

(b) Nonobstant les dispositions de l'article 1610 de ce chapitre, la propriété d'un État étranger jouira de l'immunité de saisie et d'exécution, si :

(1) la propriété est celle d'une banque centrale étrangère ou d'autorité monétaire maintenue pour ses propres compte, à moins qu'une telle banque ou autorité, ou son gouvernement étranger parent, a explicitement levé son immunité de saisie dans l'aide d'exécution ou dans l'exécution, en dépit de tout retrait de la renonciation que la banque, l'autorité ou le gouvernement peut prétendre effectuer, sous réserve des dispositions de la renonciation ; ou

(2) la propriété est ou est destiné à être utilisée dans le cadre d'une activité militaire et

(A) est de caractère militaire, ou

(B) est sous le contrôle d'une autorité militaire ou d'un organisme de défense.

(c) Nonobstant les dispositions de l'article 1610 du présent chapitre, la propriété d'un État étranger jouira de l'immunité de saisie et d'exécution dans une action intentée dans le cadre de l'article 302 de la Loi cubaine de 1996 relative à la liberté et à la démocratie (Cuban Liberty and Democratic Solidarity, ou LIBERTAD) dans la mesure où la propriété est un service ou une installation utilisée par une mission diplomatique accréditée pour des objectifs officiels.

28 U.S.C.A. § 1391

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1391. De la juridiction géographique en général

(f) Une action civile contre un État étranger tel que défini dans l'article 1603(a) du présent titre peut être intentée :

    (1) auprès de tout district juridique au sein duquel la plupart des événements ou omissions à l'origine de la plainte se sont produits ou une partie substantielle de la propriété faisant l'objet de l'action se trouve ;

    (2) dans tout district juridique au sein duquel le navire ou la cargaison d'un État étranger se trouve, si la revendication est présentée dans le cadre de l'article 1605(b) du présent titre ;

    (3) dans tout district juridique dans lequel l'agence ou l'organisme est qualifié(e) pour mener des activités commerciales ou mène des activités commerciales, si l'action est intentée contre une agence ou un organisme appartenant à un État étranger, tels que définis dans l'article 1603(b) du présent titre ; ou

    (4) dans la Cour Fédérale des États-Unis du District of Columbia, si l'action est intentée contre un État étranger ou une subdivision politique de ce dernier.

28 U.S.C.A. § 1441

# CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1441. Actions généralement transférables

(d) Toute action civile intentée auprès d'une cour d'État contre un État étranger tel que défini dans l'article 1603(a) du présent titre peut être transférée par l'État étranger vers la cour fédérale des États-Unis du district et la division comprenant le lieu où ladite action se trouve en instance. Lors du transfert, l'action sera jugée par la cour, sans jury. Lorsque le transfert est basé sur cet alinéa, les durées relatives à l'article 1446(b) du présent titre peuvent être prolongées à tout moment pour la cause indiquée.