# EXHIBIT A-3

28 U.S.C.A. § 1602

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1602. Conclusions et déclaration de but

Le Congrès constate que le traitement par les cours des États-Unis des demandes des États étrangers relatives à l'immunité vis-à-vis de la juridiction de telles cours, servirait les intérêts de la justice et protégerait aussi bien les droits des États étrangers et que les plaideurs auprès des cours des États-Unis. En vertu du droit international, les États ne bénéficient pas de l'immunité juridictionnelle des cours étrangères tant que leurs activités commerciales sont concernées et que leur propriété commerciale peut être saisie dans le cadre de l'application des jugements rendus contre eux et relatifs à leurs activités commerciales. Les décisions se rapportant aux demandes relatives à l'immunité formulées par les États étrangers devront être dorénavant prises par les cours des États-Unis et celles des États étrangers conformément aux dispositions du présent chapitre.

28 U.S.C.A. § 1603

# CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1603. Définitions

Pour les besoins de ce chapitre :

(a) « un État étranger », excepté pour l'utilisation de ce terme dans l'article 1608 du présent titre, inclut une subdivision politique, ou une agence ou organisme d'un État étranger tels que définis dans l'alinéa (b).

(b) « une agence ou un organisme d'un État étranger » signifie toute entité :

   (1) indépendante dotée de la personnalité juridique, constituée en société ou toute autre entité similaire, et

   (2) organe ou subdivision politique d'un État étranger, ou dont la plupart des actions ou d'autres intérêts de propriété sont détenus par un État étranger ou par une subdivision politique de ce dernier, et

   (3) qui n'est ni citoyenne d'un État des États-Unis tel que défini dans les articles 1332(c) et (d) du présent titre, ni créée en vertu des lois de tout pays tiers.

(c) Le terme « États-Unis » inclut tous les territoires et toutes les eaux, continentaux et insulaires, soumis à la juridiction des États-Unis.

(d) Une « activité commerciale » signifie soit une activité commerciale régulière, soit une transaction commerciale ou un acte particuliers. Le caractère commercial d'une activité sera déterminé par rapport à la nature de l'activité ou de la transaction particulière ou de l'acte particulier, plutôt qu'en se référant à son but.

(e) Une « activité commerciale menée aux États-Unis par un État étranger » signifie une activité commerciale menée par ledit État et ayant un contact substantiel avec les États-Unis.

28 U.S.C.A. § 1604

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1604. Immunité juridictionnelle d'un État étranger

Dans le cadre des conventions internationales en vigueur dont les États-Unis font partie lors de l'établissement de cette Loi, un État étranger jouit de l'immunité juridictionnelle des cours des États-Unis et des États, sous réserve des dispositions des articles 1605 à 1607 de ce chapitre.

28 U.S.C.A. § 1605

# CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1605. Exceptions générales relatives à l'immunité juridictionnelle d'un État étranger

(a) Un État étranger ne jouit pas de l'immunité juridictionnelle des cours des États-Unis ou des États dans tous les cas :

(1) où l'État étranger a renoncé à son immunité explicitement ou implicitement, nonobstant tout retrait de la renonciation que l'État étranger peut prétendre effectuer, sous réserve des dispositions relatives à la renonciation ;

(2) où l'action est basée sur une activité commerciale menée aux États-Unis par l'État étranger, sur un acte accompli aux États-Unis relatif à une activité commerciale de l'État étranger ailleurs, ou sur un acte en dehors du territoire des États-Unis relatif à une activité commerciale de l'État étranger ailleurs, et que cet acte a un effet direct aux États-Unis ;

(3) où les droits d'une propriété détenue en violation du droit international sont concernés et que cette propriété ou toute propriété échangée contre ladite propriété est présente aux États-Unis et liée à une activité commerciale aux États-Unis par l'État étranger ou que cette propriété ou toute propriété échangée contre ladite propriété est détenue ou gérée par une agence ou un organisme de l'État étranger engagé(e) dans une activité commerciale aux États-Unis ;

(4) où les droits d'une propriété aux États-Unis acquise par succession ou acquise à titre de don, ou les droits d'une propriété immobilière située aux États-Unis sont concernés ;

(5) non prévus par le paragraphe (2) ci-dessus, dans lequel des dommages pécuniaires sont réclamés auprès d'un État étranger pour des blessures ou pour la mort, ou pour des dégâts causés à la propriété ou à la perte de cette dernière, ayant eu lieu aux États-Unis et causés à tort ou par omission de la part de cet État étranger ou par tout fonctionnaire ou employé dudit État étranger agissant dans le cadre de ses fonctions ou de son emploi, sauf que ce paragraphe ne s'applique pas à :

(A) toute plainte basée sur l'exercice, l'exécution ou le défaut d'exercer ou d'exécuter une fonction discrétionnaire indépendamment de l'abus de discrétion, ou à

(B) toute plainte résultant d'une poursuite malveillante, d'un abus de procédure, d'une diffamation, d'une calomnie, d'une fausse déclaration, d'une supercherie ou d'interférences avec des droits contractuels ;

6) l'action est intentée, soit pour imposer une convention établie par l'État étranger avec un partenaire privé ou pour le bénéfice de ce dernier pour soumettre à l'arbitrage tout différend surgissant ou susceptible de surgir entre les parties relatif à une relation juridique définie, contractuelle ou non, concernant un problème pouvant être résolu par arbitrage en vertu des lois des États-Unis, soit pour confirmer le jugement aux termes de ladite convention à arbitrer, si (A) l'arbitrage a lieu ou est prévu de se dérouler aux États-Unis, (B) la convention ou le jugement est ou peut être régi par un traité ou toute autre convention internationale en vigueur aux États-Unis réclamant l'identification et l'application des jugements d'arbitrage, (C) la plainte correspondante, excepté pour la convention à arbitrer, pourrait avoir été intenté auprès d'une cour des États-Unis dans le cadre de cet article ou de l'article 1607 ou (D) paragraphe (1) de cet alinéa, soit applicable par ailleurs ; ou

(7) non couvert par ailleurs par le paragraphe (2), dans lequel les dommages pécuniaires sont réclamés auprès d'un État étranger pour des blessures ou la mort résultant d'un acte de torture, d'une mise à mort extrajudiciaire, d'un sabotage d'avion, d'une prise d'otages ou de la fourniture de supports matériels ou de moyens (tels que définis dans l'article 2339A du chapitre 18) pour un tel acte si ledit acte ou ladite fourniture de supports matériels est accompli(e) par un fonctionnaire, un employé ou agent dudit État étranger agissant dans le cadre de ses fonctions ou de son emploi ou au sein de son organisme, sous réserve que la cour refuse de recevoir une plainte dans le cadre de ce paragraphe :

   (A) si l'État étranger n'a pas été considéré comme État commanditaire d'actes de terrorisme aux termes de l'article 6(j) de la Loi de 1979 relative à l'administration des exportations (Export Administration Act - 50 U.S.C. App. 2405(j)) ou de l'article 620A de la Loi de 1961 relative à l'assistance étrangère (Foreign Assistance Act – (22 U.S.C. 2371) au moment où l'acte s'est produit, à moins qu'il soit considéré ultérieurement comme le résultat d'un tel acte ; et

   (B) même si l'État étranger est ou était considéré comme tel, si :

      (i) l'acte s'est produit dans l'État étranger contre lequel une plainte a été déposée et le requérant n'a pas accordé à l'État étranger une opportunité raisonnable pour procéder à l'arbitrage de la plainte conformément aux règles d'arbitrage internationales agréées ; ou

      (ii) le requérant et la victime ne sont pas des nationaux des États-Unis (ce terme étant défini dans l'article 101(a)(22) de la Loi sur l'immigration et la nationalité [Immigration and Nationality Act]) lorsque l'acte sur lequel est basé la plainte s'est produit.

(b) Un État étranger ne jouit pas de l'immunité juridictionnelle des cours des États-Unis dans tous les cas où un procès est intenté dans l'amirauté pour exécuter un recours maritime contre un navire ou une cargaison de l'État étranger, lequel recours maritime est basé sur une activité commerciale de l'État étranger, à condition que :

   (1) la notification du procès soit effectuée par la remise d'une copie de la citation et de la plainte à la personne ou à son agent en possession du navire ou de la cargaison contre lequel le recours maritime est revendiqué; si le navire ou la cargaison est saisi(e) conformément à la procédure obtenue au nom de la partie intentant les poursuites, le service de procédure de saisie sera considéré pour constituer une remise valable de ladite notification, mais la partie intentant les poursuites sera responsable de tous les dommages subis par l'État étranger en raison de la saisie si la partie intentant les poursuites avait connaissance d'une manière réelle ou implicite que le navire ou la cargaison d'un État étranger était impliqué(e); et

   (2) la notification à l'État étranger de l'engagement du procès de la manière prévue dans l'article 1608 du présent chapitre est émise dans les dix jours, soit à compter de la date de la remise de la notification telle que prévue dans le paragraphe (1) de cet alinéa, soit, dans le cas d'une partie qui ignorait que le navire ou la cargaison d'un État étranger était impliquée, à compter de la date à laquelle ladite partie a déterminé l'existence de l'intérêt de l'État étranger.

(c) lorsque notification est livrée dans le cadre de l'alinéa (b)(1), le procès pour l'exécution d'un recours maritime continuera par la suite et sera instruit et résolu conformément aux principes juridiques et coutumes en vigueur régissant les poursuites *in rem* dans le cas où il s'avère que, pourvu que le navire ait été possédé ou détenu à titre privé, un procès *in rem* pourrait avoir été maintenu. Un décret de jugement contre l'État étranger peut inclure les frais du procès et, si le décret concerne un jugement monétaire, les intérêts ordonnés par la cour, sauf que la cour peut ne pas attribuer le jugement contre l'État étranger pour un montant supérieur à la valeur du navire ou de la cargaison pour laquelle ou pour lequel le recours maritime a été lancé. Un tel montant sera déterminé à la date de la remise de la notification aux termes de l'alinéa (b)(1). Les jugements peuvent faire l'objet d'un appel et d'une révision tel que prévu dans d'autres cas relatifs à la juridiction de l'Amirauté et des fois maritimes. Rien n'exclura le demandeur dans tout cas approprié de demander réparation *in personam* dans la même action intentée pour exécuter un recours aux termes du présent article.

(d) Un État étranger ne jouit pas de l'immunité juridictionnelle des cours     Étals-Unis dans toute action intentée pour saisir un bien hypothéqué préféré, tel que défini dans la loi de 1920 relative à l'hypothèque des navires (Ship Mortgage Act - 46 U.S.C. 911 et suivants). Ladite action sera intentée, instruite et résolue selon  positions de cette Loi, conformément aux principes juridiques et coutumes en vigueur régissant les poursuites *in rem* dans le cas où il s'avère que, pourvu que le navire fusse possédé ou détenu à titre privé, un procès *in rem* pourrait avoir été maintenu.

(e) Aux fins du paragraphe (7) de l'alinéa (a) :

  (1) La signification des termes « torture » et « mise à mort extrajudiciaire » est celle des termes contenus dans l'article 3 de la Loi de 1991 relative à la protection des victimes de tortures (Torture Victim Protection Act) ;

  (2) La signification du terme « prise d'otage » est celle du terme contenu dans l'article 1 de la Convention internationale contre les prises d'otages (International Convention Against the Taking of Hostages) ; et

  (3) La signification du terme « sabotage d'avion » est celle du terme contenu dans l'article 1 de la Convention pour la prévention des actes illégaux contre la sécurité de l'aviation civile (Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation).

(f) Aucune action ne sera maintenue dans le cadre de l'alinéa (a)(7) à moins que l'action fusse engagée plus de 10 ans après la date à laquelle la cause de l'action s'est produite. Tous les principes d'un paiement équitable, y compris la période durant laquelle l'État étranger jouissait de l'immunité contre les poursuites, s'appliqueront pour le calcul de cette période.

(g) **Limitation relative à l'instruction :**

  (1) **En général :** (A) dans le cadre du paragraphe (2), si l'action versée au dossier se verrait opposer par ailleurs une fin de non-recevoir par le paragraphe 1604, excepté pour l'alinéa (a)(7), la cour, sur demande du Ministre de la justice, ordonnera la suspension de toute requête, de toute demande ou de tout mandat pour une instruction sur les États-Unis que le Ministre de la justice certifierait comme gênant de manière significative une investigation ou une poursuite criminelle ou interférant avec une opération de sécurité nationale, en rapport avec l'incident ayant provoqué la cause de l'action, jusqu'à ce que le Ministre de la justice avise la cour que ladite requête ou demande ou que ledit mandat ne provoque plus de telles interférences.

    (B) Une mesure de suspension, dans le cadre du présent paragraphe ne peut prendre effet durant une période de 12 mois à dater du jour où la cour établit l'ordre de suspendre l'instruction. La cour renouvellera l'ordre de suspension de l'instruction durant des périodes supplémentaires de 12 mois sur motion émise par les États-Unis si le Ministre de la justice certifie que l'instruction gênerait de manière significative une investigation ou une poursuite criminelle, ou une opération de sécurité nationale, en rapport avec l'incident ayant provoqué la cause de l'action.

  (2) **Législation du « coucher de soleil » :** (A) dans le cadre du paragraphe (B), aucune mesure de suspension ne peut être accordée ni continuer de prendre effet dans le cadre du sous-alinéa (1) après une période de 10 ans suivant la date à laquelle l'incident a provoqué la cause de l'action produite.

    (B) Après la période visée dans le sous-alinéa (A), sur demande du Ministre de la justice, la cour peut ordonner la suspension de toute requête, de toute demande ou de tout mandat pour une instruction sur les États-Unis que la cour considérerait avec une forte probabilité comme :

      (i) présentant une menace sérieuse de mort ou de blessures physiques à toute personne ;

      (ii) affectant négativement la capacité des États-Unis de travailler en coopération avec des organismes judiciaires étrangers et internationaux lors des investigations sur les violations des lois des États-Unis ; ou

(iii) entravant l'affaire criminelle concernant l'incident ayant provoqué la cause de l'action ou sapant la possibilité d'une condamnation dans ladite affaire.

**)** **Évaluation des preuves** : l'évaluation par la cour de toute requête relative à une suspension dans le cadre du présent soumise par le Ministre de la justice sera effectuée *ex parte* et *in camera*.

(4) **Interdiction relative aux motions de fin de non-recevoir** : une suspension d'instruction dans le cadre du présent alinéa constitue une interdiction de motion de fin de non-recevoir dans le cadre des règles 12(b)(6) et 56 du Code fédéral des procédures civiles (Federal Rules of Civil Procedure).

(5) **Interprétation** : aucune partie du présent alinéa ne peut empêcher les États-Unis de rechercher des mandats protecteurs ou de revendiquer des privilèges généralement disponibles pour les États-Unis.

28 U.S.C.A. § 1606

## CODE DES ÉTATS-UNIS ANNOTÉ
### TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1606. Limites des responsabilités

Comme pour toute demande de réparation pour laquelle un État étranger n'a pas droit à l'immunité aux termes des articles 1605 et 1607 du présent paragraphe, l'État étranger sera responsable de la même manière et jusqu'au même degré qu'un particulier dans de telles circonstances ; mais un État étranger, excepté pour une agence ou un organisme de ce dernier, ne sera pas responsable des dégâts punitifs, excepté pour toute action faisant l'objet des articles 1605(a)(7) et 1610(f) ; cependant, si dans toute affaire relative à une mort provoquée, la loi du lieu où l'action ou l'omission s'est produite, fournit ou a été interprété comme fournissant, pour les dommages punitifs uniquement en nature, l'État étranger sera responsable des dommages réels ou compensatoires évalués en fonction des préjudices pécuniaires résultant dudit décès, subis par les personnes bénéficiaires de l'action intentée.

28 U.S.C.A. § 1607

## CODE DES ÉTATS-UNIS ANNOTÉ
### TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1607. Demande reconventionnelle

Dans toute action intentée par un État étranger ou dans laquelle un État étranger intervient, dans une cour des États-Unis ou d'un État, il ne sera pas accordé d'immunité à l'État étranger quant à toute demande reconventionnelle :

(a) pour laquelle un État étranger ne pourrait avoir droit à l'immunité aux termes de l'article 1605 de ce chapitre, que la plainte fusse soumise dans le cadre d'une action séparée contre l'État étranger ; ou

(b) provienne de la transaction ou de l'événement dont fait l'objet de la revendication de l'État étranger ; ou

(c) dans la mesure où la demande reconventionnelle ne revendique pas un montant dépassant ou différent, en nature, du montant revendiqué par l'État étranger.

28 U.S.C.A. § 1608

# CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§1608. Assignation ; délai de réfutation ; défaut de non comparution

(a) La signification d'acte au sein des cours des États-Unis et des États s'effectuera pour l'État étranger ou une subdivision politique d'un État étranger :

    (1) par la remise d'une copie de la citation et de la plainte conformément à toute disposition particulière relative aux assignations entre le demandeur et l'État étranger ou la subdivision politique de ce dernier ; ou

    (2) en l'absence de toute disposition particulière, par la remise d'une copie de la citation et de la plainte conformément à une convention internationale applicable relative aux assignations des documents juridiques ; ou

    (3) si l'assignation ne peut être effectuée dans le cadre des dispositions des paragraphes (1) ou (2), en envoyant une copie de la citation et de la plainte ainsi qu'une notification de procès, accompagnées de leurs traductions dans chacune des langues officielles de l'État étranger, par toute forme de courrier exigeant un accusé de réception signé, à adresser et expédier par le greffier au Ministre des affaires étrangères de l'État étranger concerné, ou

    (4) si l'assignation ne peut être effectuée dans les 30 jours aux termes du paragraphe (3), en envoyant deux copies de la citation et de la plainte ainsi que de la notification de procès, accompagnées de leurs traductions dans chacune des langues officielles de l'État étranger, par toute forme de courrier exigeant un accusé de réception signé, à adresser et expédier par le greffier au Ministre des affaires étrangères à Washington, district of Colombia, à l'attention Directeur des services consulaires spéciaux (Director of Special Consular Services), et le Ministre transmettra une copie des documents par la voie diplomatique à l'État étranger et enverra au commis de la cour une copie certifiée de la notification diplomatique indiquant la date à laquelle les documents ont été transmis.

    Aux termes de cet article, la « notification de procès » signifie : une notification adressée à un État étranger et sous une forme prescrite par le Ministre des affaires étrangères conformément à la réglementation.

(b) L'assignation dans les cours des États-Unis et des États relative aux agences et organismes d'un État étranger sera effectuée :

    (1) par la remise d'une copie de la citation et de la plainte conformément à toute disposition particulière relative aux assignations entre le demandeur et l'agence ou l'organisme ; ou

    (2) dans le cas où aucune disposition particulière n'existe, par la remise d'une copie de la citation et de la plainte à un responsable, directeur ou homme d'affaire, ou à tout autre agent autorisé par nomination ou par la loi à recevoir l'assignation de la procédure aux États-Unis ; ou conformément à toute convention internationale applicable aux significations d'actes juridiques ; ou

    (3) dans le cas où l'assignation ne peut être effectuée aux termes des paragraphes (1) ou (2), et si raisonnablement évalué, par la remise d'une copie de la citation et de la plainte, accompagnées d'une traduction dans chacune des langues officielles de l'État étranger :

(A) selon les instructions d'une autorité de l'État étranger ou d'une subdivision politique en réponse à une commission rogatoire ou requête, ou

(B) par toute forme de courrier exigeant un accusé de réception signé, à adresser et expédier par le greffier à l'agence ou à l'organisme destinataire faisant l'objet de l'assignation, ou

(C) selon les instructions d'un mandat de la cour conforme à la loi du lieu où l'assignation doit être effectuée.

(c) L'assignation sera considérée comme étant accomplie :

(1) dans le cas d'une assignation aux termes de l'alinéa (a)(4), à la date de transmission indiquée dans la copie certifiée de la notification diplomatique ; et

(2) dans tous les autre cas relatifs au présent paragraphe, à la date indiquée sur le document de certification, l'accusé de réception postal signé et retourné ou sur tout autre preuve d'assignation applicable à la procédure de signification utilisée.

(d) Dans toute action intentée dans une cour des États-Unis ou d'un État, un État étranger, une subdivision politique de ce dernier, ou l'agence ou l'organisme d'un État étranger signifiera une réponse ou toute autre plaidoirie réagissant favorablement à la plainte dans les soixante jours suivant la date de signification visée dans le présent paragraphe.

(e) Aucun jugement par défaut ne sera rendu par une cour des États-Unis ou d'un État contre un État étranger, une subdivision politique de ce dernier, ou l'agence ou l'organisme d'un État étranger, sous réserve que le requérant établisse sa plainte ou ses droits aux réparations en fournissant des preuves satisfaisantes à la cour. Une copie dudit jugement par défaut sera transmis à l'État étranger ou à une subdivision politique selon les dalités d'assignation définies dans ce paragraphe.

28 U.S.C.A. § 1609

# CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1609. Immunité relative à la saisie et à l'exécution d'une propriété appartenant à un État étranger

Dans le cadre des conventions internationales en vigueur dont font partie les États-Unis à la date de promulgation de cette Loi, la propriété aux États-Unis appartenant à un État étranger jouit de l'immunité contre la saisie-arrêt et l'exécution, sous réserve des dispositions des articles 1610 et 1611 du présent paragraphe.

8 U.S.C.A. § 1610

## CODE DES ÉTATS-UNIS ANNOTÉ
### TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1610. Exceptions relatives à l'immunité contre la saisie ou l'exécution

(a) La propriété aux États-Unis d'un État étranger, tel que défini dans l'article 1603(a) de ce chapitre, utilisée pour une activité commerciale aux États-Unis, ne jouit pas de l'immunité contre la saisie dans l'aide d'exécution ou dans l'exécution, sur un jugement rendu par une cour des États-Unis ou d'un État postérieurement à la date d'effet de cette Loi, si :

(1) l'État étranger a levé son immunité contre la saisie dans l'aide d'exécution ou dans l'exécution, explicitement ou implicitement, nonobstant tout retrait de la renonciation que l'État étranger peut prétendre effectuer, selon les termes la renonciation, ou

(2) la propriété est ou a été utilisée pour l'activité commerciale sur laquelle est basée la plainte, ou

(3) l'exécution concerne un jugement déterminant des droits relatifs à la propriété qui a été prise en violation du droit international ou qui a été échangée avec une propriété prise en violation du droit international, ou

(4) l'exécution concerne un jugement déterminant des droits relatifs à la propriété :

    (A) acquise par succession ou à travers un don, ou

    (B) bien immeuble situé aux États-Unis, à condition que ladite propriété ne soit pas utilisée aux fins de maintenir une mission diplomatique ou consulaire ou la résidence du chef d'une telle mission, ou

(5) la propriété se compose de tout engagement contractuel ou bien dérivant dudit engagement contractuel pour indemniser ou mettre à couvert l'État étranger ou ses employés dans le cadre d'une police d'assurance d'automobile ou toute autre assurance liées aux engagements ou aux accidents couvrant la plainte aboutissant au jugement, ou

(6) le jugement est basé sur un ordre confirmant une sentence arbitrale rendue contre l'État étranger, à condition que la saisie dans l'aide d'exécution ou dans l'exécution ne soit contradictoire avec aucune disposition de la convention arbitrale, ou

(7) le jugement concerne une plainte contre laquelle l'État étranger ne jouit pas de l'immunité aux termes de l'article 1605(a)(7), que la propriété soit impliquée ou non dans l'acte faisant l'objet de la plainte.

(b) En complément à l'alinéa (a), toute propriété aux États-Unis d'une agence ou d'un organisme appartenant à un État étranger engagé dans des activités commerciales aux États-Unis ne jouit pas de l'immunité contre la saisie dans l'aide d'exécution ou d'exécution, sur un jugement rendu par une cour des États-Unis ou d'un État postérieurement à la date d'effet de la présente Loi, si :

(1) l'agence ou l'organisme a levé son immunité de saisie dans l'aide d'exécution ou dans l'exécution, explicitement ou implicitement, nonobstant tout retrait de renonciation que l'agence ou l'organisme peut prétendre effectuer, sous réserve des dispositions de la renonciation, ou

(2) le jugement concerne une plainte pour laquelle l'agence ou l'organisme ne jouit pas de l'immunité en vertu de l'article 1605(a)(2), (3), (5), ou (7), ou 1605(b) de ce chapitre, que la propriété soit impliquée ou non dans l'acte faisant l'objet de la plainte.

c) Aucune saisie ou exécution visé(e) aux alinéas (a) et (b) de cet article ne sera autorisé, jusqu'à ce que la cour ordonne ladite saisie et ou ladite exécution après avoir constaté qu'une période raisonnable s'est écoulée après jugement et livré toute notification requise aux termes de l'article 1608(e) du présent chapitre.

d) La propriété d'un État étranger tel que défini dans l'article 1603(a) du présent chapitre, utilisée pour une activité commerciale aux États-Unis, ne jouit pas de l'immunité de saisie avant l'enregistrement du jugement dans toute action intentée dans une cour des États-Unis ou d'un État, ou avant l'échéance de la période visée dans l'alinéa (c) du présent article, si :

   (1) l'État étranger a explicitement levé son immunité de saisie avant le jugement, nonobstant tout retrait de renonciation que l'État étranger peut prétendre effectuer, conformément aux dispositions relatives à la renonciation, et

   (2) le but de la saisie est de sécuriser un jugement qui a été ou qui peut finalement être enregistré contre l'État étranger, et non pour obtenir la juridiction.

(e) Les navires d'un État étranger ne jouiront pas de l'immunité contre la saisie *in rem*, la vente interlocutoire et l'exécution dans les actions intentées pour saisir la propriété hypothéquée préférée conformément aux dispositions de l'article 1605(d).

(f)(1)(A) Nonobstant toute autre disposition légale, y compris sans limitation, l'article 208(f) de la Loi relative aux missions étrangères (Foreign Mission Act, 22 U.S.C. 4308(f)), et sous réserve des dispositions du sous-alinéa (B), toute propriété relative aux transactions financières sont interdites ou régies selon les dispositions de l'article 5(b) de la Loi relative au commerce avec l'ennemi (Trading with the Enemy Act, 50 U.S.C. CApp. 5(b)), de l'article 620(a) de la Loi de 1961 relative à l'assistance étrangère (Foreign Assistance Act, 22 U.S.C. 2370(a)), des articles 202 et 203 de la Loi relative aux puissance économiques de secours international (International Emergency Economic Power Act, 50 U.S.C. 1701-1702), ou de toute autre proclamation, décret, réglementation ou permis correspondant, sera soumise à l'exécution ou à la saisie dans l'aide d'exécution de tout jugement concernant une plainte pour laquelle un État étranger (y compris toute agence, organisme ou ledit État) revendique qu'une telle propriété ne jouit pas de l'immunité aux termes de l'article 1605(a)(7).

   (B) Le sous-alinéa (A) ne s'appliquera pas si, lorsque la propriété est expropriée ou saisi par l'État étranger, la propriété a été maintenue en titre par une personne physique ou, si maintenue en confiance, a été maintenue au profit de personne(s) physique(s).

(2)(A) Sur demande de toute partie en faveur de laquelle un jugement a été rendu en ce qui concerne une plainte pour laquelle l'État étranger ne jouit pas de l'immunité aux termes de l'article 1605(a)(7), le Ministre des Finances et le Ministre des affaires étrangères devront, d'une manière complète, prompte et efficace aider tout créancier du jugement ou toute cour qui aura établi un tel jugement, en identifiant, en retrouvant et en procédant à l'exécution contre la propriété de cet État étranger ou de toute agence ou organisme dudit État.

   (B) Dans le cadre de ladite assistance, les Ministres :

      (i) peuvent fournir de telles informations scellées à la cour et

      (ii) fourniront les informations à temps afin de permettre à la cour de s'adresser au bureau du Marshall des États-Unis afin de procéder promptement et efficacement à l'exécution contre cette propriété.

PL 106-386, 28 octobre 2000, 114 Stat 1464

## DROIT PUBLIC DES ÉTATS-UNIS
### *(United States Public Laws)*
### 106ᵉ congrès - deuxième session
### Réunion du 24 janvier 2000-12-08

### PL 106-386 (HR 3244)
### 28 octobre 2000
## LOI 2000 RELATIVE À LA PROTECTION DES VICTIMES DE TRAFICS ET VIOLENCES
*(Victims of Trafficking and Violence Protection Act of 2000)*

Une loi destinée à combattre le trafic des personnes, particulièrement le commerce du sexe, l'esclavage et la servitude involontaire, afin de réautoriser certains programmes fédéraux d'empêcher les actes de violence contre les femmes, ainsi que pour d'autres buts.

Le Sénat et la Chambre des Représentants des États-Unis d'Amérique,
réunis en Congrès, ordonnent :

ARTICLE 1. TITRE ABRÉGÉ

<< 22 USCA § 7101 NOTE >>

La présente Loi peut être citée sous le titre : « *Victims of Trafficking and Violence Protection Act of 2000* » (« Loi 2000 relative à la protection des victimes de trafics et violences « ).

ARTICLE 2. ORGANISATION DE LA LOI EN SECTIONS *(Divisions)* ; TABLE DES MATIÈRES

\*   \*   \*

SECTION C - DISPOSITIONS DIVERSES

\*   \*   \*

ARTICLE. 2002 - PAIEMENTS RELATIFS À CERTAINS JUGEMENTS ANTI-TERRORISTES

\*   \*   \*

<< 28 USCA § 1610 >>

(f) AMENDEMENTS – L'ARTICLE 1610(f) DU TITRE 28, CODE DES ÉTATS-UNIS EST MODIFIÉ :

(A) dans les paragraphes (2)(A) et (2)(B)(ii), en remplaçant « *shall* » par « *should make every effort to* » (c'est-à-dire en remplaçant la forme obligatoire des verbes, comme le mot « doit » ou « doivent » par la forme « devraient s'efforcer au maximum de... »)

(B) en ajoutant à la fin, le nouveau paragraphe suivant :

« (3) RENONCIATION : Le Président peut renoncer à toute disposition du paragraphe (1) dans l'intérêt de la sécurité nationale ».

<< 28 USCA § 1606 >>

<< 28 USCA § 1610 NOTE >>

(2) Sont abrogés les sous-alinéas (b) et (d) de l'article 117 de la Loi de 1999 relative aux appropriations du Ministère des Finances (« Treasury Department Appropriations Act, 1999 »), (tels que contenus dans l'article 101 (h) du droit public 105-277).

PL 107-77, le 28 novembre 2001, 115 Stat 748

## DROIT PUBLIC DES ÉTATS-UNIS
### 107ème congrès – Première séance
### Convocation de janvier 2001

PL 107-77 (HR 2500)
Le 28 novembre 2001

## ACTE DE CRÉDIT 2002 DES DÉPARTEMENTS DU COMMERCE, DE LA JUSTICE ET D'ÉTAT, DE LA MAGISTRATURE ET DES AGENCES CONNEXES

Un acte autorisant l'octroi d'un crédit aux départements du Commerce, de la Justice et d'État, à la Magistrature et aux agences connexes au cours de l'exercice fiscal se clôturant le 30 septembre 2002 et à d'autres fins.

\*    \*    \*

<< 28 USCA alinéa 1605 >>

(c) Amender 28 U. S. C. section 1605(a)(7)(A) en insérant à la fin, avant le point virgule, ce qui suit : « ou l'acte est lié au numéro de Cas 1:00CV3110(ESG) à la Cour de District (tribunal fédéral de première instance) des États-Unis d'Amérique pour le District de Columbia ».

PL 107-117, le 10 janvier 2002, 115 Stat 2230

## DROIT PUBLIC DES ÉTATS-UNIS
### 107ème congrès – Première séance
### Convocation de janvier 2001

PL 107-117 (HR 3338)
Le 10 janvier 2002

ACTE 2002 DU DÉPARTEMENT DE LA DÉFENSE ET D'OCTROI D'UN CRÉDIT SUPPLÉMENTAIRE D'URGENCE SUITE ET EN RÉPONSE AUX ATTENTATS TERRORISTES PERPÉTRÉS CONTRE LES ÉTATS-UNIS

Un acte autorisant l'octroi d'un crédit au département de la Défense au cours de l'exercice fiscal se clôturant le 30 septembre 2002 et à d'autres fins.

\* \* \*

<< 28 USCA alinéa 1605 >>

La SEC 208 section 626(c) de l'Acte de crédit 2002 des départements du Commerce, de la Justice et d'État, de la Magistrature et des agences connexes (lois publiques 107-77) est amendée en barrant « 1:00CV3110(ESG) » et en insérant « 1:00CV03110(EGS) ».

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WALKER INTERNATIONAL HOLDINGS LIMITED | ) ) ) ) |
| Plaintiff, | ) ) Civil Action No. 00-2987 (JR) |
| v. | ) ) |
| REPUBLIC OF THE CONGO | ) ) ) |
| and | ) ) |
| CAISSE CONGOLAISE D'AMORTISSEMENT | ) ) ) |
| Defendants. | ) ) ) |

### AFFIDAVIT OF SYLVIE DAY

|  |  |  |
|---|---|---|
| NEW YORK COUNTY | ) ) | ss: |
| STATE OF NEW YORK | ) |  |

Sylvie Day, being duly sworn, deposes and says:

      1.    I am a translator fluent in the languages of English and French.

      2.    I have reviewed copies of (a) the March 15, 2002 Judgment in this matter (the "Judgment"); and (d) the Notice of Default Judgment to Caisse Congolaise D'Amortissement in this matter (the "Notice").

      3.    The Judgment and the Notice are written in English.

4.    I hereby certify that attached to this affidavit are true and

accurate French translations of the Judgment, *see* Ex. 1, and the Notice, *see* Ex. 2.

Sylvie Day

Subscribed and sworn to before me this 22 day of March, 2002.

Notary Public

PAUL D. RALSTON
ary Public, State of New
No. 0
2003

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WALKER INTERNATIONAL HOLDINGS LIMITED** )<br><br>Plaintiff, )<br><br>v. )<br><br>**REPUBLIC OF THE CONGO** )<br><br>and )<br><br>**CAISSE CONGOLAISE D'AMORTISSEMENT** )<br><br>Defendants. ) | Civil Action No. 00-2987 (JR) |

RECEIVED
2012 APR -5 PM 7: 35
NANCY M. MAYER-WHITTINGTON CLERK
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## AFFIDAVIT OF FOREIGN MAILING OF DEFAULT JUDGMENT

DISTRICT OF COLUMBIA, ss:

Tobin J. Romero, being duly sworn, deposes and says:

      1.     I, the undersigned counsel for plaintiff, hereby request that the Clerk address and dispatch a copy of the default judgment, notice of default judgment, and translations thereof to:

      (a)     Caisse Congolaise D'Amortissement c/o Head of the Ministry of Foreign Affairs, Rodolphe Adada, BP 98, Brazzaville, Congo; and

      (b)     Republic of the Congo c/o Head of the Ministry of Foreign Affairs, Rodolphe Adada, BP 98, Brazzaville, Congo

by any form of mail requiring a signed receipt pursuant to 28 U.S.C. § 1608(a)(3).

      2.     I further request that the Clerk address and dispatch a copy of the default judgment and translation thereof to Caisse Congolaise

LAW OFFICES
LIAMS & CONNOLLY LLP
1 TWELFTH STREET, N.W.
ASHINGTON, D.C. 20005

AREA CODE 202
434-5000

D'Amortissement, BP 2090, Brazzaville, Congo by any form of mail requiring a signed receipt pursuant to 28 U.S.C. § 1608(b)(3)(B).


Tobin J. Romero

Subscribed and sworn to before me this 5th day of April, 2002.


Notary Public, D.C.

SHARON L. BROWN
Notary Public, District of Columbia
My Commission Expires July 14, 2004

LAW OFFICES
.LIAMS & CONNOLLY LLP
:5 TWELFTH STREET, N.W.
WASHINGTON, D.C. 20005

AREA CODE 202
434-5000

2