**EXHIBIT A-5**

28 U.S.C.A. § 1610

## UNITED STATES CODE ANNOTATED
## TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE

§ 1610. Exceptions to the immunity from attachment or execution

(a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if--

(1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

(2) the property is or was used for the commercial activity upon which the claim is based, or

(3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

(4) the execution relates to a judgment establishing rights in property--

(A) which is acquired by succession or gift, or

(B) which is immovable and situated in the United States: Provided, That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

(6) the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

(7) the judgment relates to a claim for which the foreign state is not immune under section 1605(a)(7), regardless of whether the property is or was involved with the act upon which the claim is based.

(b) In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from

attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if--

(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), (5), or (7) or 1605(b) of this chapter, regardless of whether the property is or was involved in the act upon which the claim is based.

(c) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if--

(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

(e) The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d).

(f)(1)(A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph (B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. § 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such property is not immune under section 1605(a)(7).

(B) Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

(2)(A) At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7), the Secretary of the Treasury and the Secretary of State shall fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

(B) In providing such assistance, the Secretaries--

(i) may provide such information to the court under seal; and

(ii) shall provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

28 U.S.C.A. § 1611

## UNITED STATES CODE ANNOTATED
## TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE

§ 1611. Certain types of property immune from execution

(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if--

(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2) the property is, or is intended to be, used in connection with a military activity and

(A) is of a military character, or

(B) is under the control of a military authority or defense agency.

(c) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

PL 106-386, October 28, 2000, 114 Stat 1464

### UNITED STATES PUBLIC LAWS
106th Congress - Second Session
Convening January 24, 2000

PL 106-386 (HR 3244)
October 28, 2000
### VICTIMS OF TRAFFICKING AND VIOLENCE PROTECTION ACT OF 2000

An Act To combat trafficking in persons, especially into the sex trade, slavery, and involuntary servitude, to reauthorize certain Federal programs to prevent violence against women, and for other purposes.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.

SECTION 1. SHORT TITLE.

<< 22 USCA § 7101 NOTE >>

This Act may be cited as the "Victims of Trafficking and Violence Protection Act of 2000".

SEC. 2. ORGANIZATION OF ACT INTO DIVISIONS; TABLE OF CONTENTS.

\*     \*     \*

DIVISION C – MISCELLANEOUS PROVISIONS

\*     \*     \*

SEC. 2002 PAYMENT OF CERTAIN ANTI-TERRORISM JUDGMENTS.

\*     \*     \*

<< 28 USCA § 1610 >>

(f) AMENDMENTS.—(1) Section 1610(f) of title 28, United States Code, is amended--

(A) in paragraphs (2)(A) and (2)(B)(ii), by striking "shall" each place it appears and inserting "should make every effort to"; and

(B) by adding at the end the following new paragraph:

"(3) WAIVER.—The President may waive any provision of paragraph (1) in the interest of national security.".

<< 28 USCA § 1606 >>

<< 28 USCA § 1610 NOTE >>

(2) Subsections (b) and (d) of section 117 of the Treasury Department Appropriations Act, 1999 (as contained in section 101(h) of Public Law 105-277) are repealed.

PL 107-77, November 28, 2001, 115 Stat 748

## UNITED STATES PUBLIC LAWS
### 107th Congress - First Session
### Convening January, 2001

PL 107-77 (HR 2500)
November 28, 2001

## DEPARTMENTS OF COMMERCE, JUSTICE, AND STATE, THE JUDICIARY, AND RELATED AGENCIES APPROPRIATIONS ACT, 2002

An Act Making appropriations for the Departments of Commerce, Justice, and State, the Judiciary, and related agencies for the fiscal year ending September 30, 2002, and for other purposes.

\*    \*    \*

<< 28 USCA § 1605 >>

(c) Amend 28 U.S.C. Section 1605(a)(7)(A) by inserting at the end, before the semicolon, the following: "or the act is related to Case Number 1:00CV03110(ESG) in the United States District Court for the District of Columbia".

PL 107-117, January 10, 2002, 115 Stat 2230

## UNITED STATES PUBLIC LAWS
### 107th Congress - First Session
### Convening January, 2001

PL 107-117 (HR 3338)
January 10, 2002

DEPARTMENT OF DEFENSE AND EMERGENCY SUPPLEMENTAL APPROPRIATIONS FOR RECOVERY
FROM AND RESPONSE TO TERRORIST ATTACKS ON THE UNITED STATES ACT, 2002

An Act Making appropriations for the Department of Defense for the fiscal year ending September 30, 2002, and for other purposes.

\*       \*       \*

<< 28 USCA § 1605 >>

SEC. 208. Section 626(c) of the Departments of Commerce, Justice, and State, the Judiciary and Related Agencies Appropriations Act, 2002 (Public Law 107-77) is amended by striking "1:00CV03110(ESG)" and inserting "1:00CV03110(EGS)".

## COUR DE DISTRICT (TRIBUNAL DE PREMIERE INSTANCE) DES
## ETATS-UNIS D'AMERIQUE POUR LE DISTRICT DE COLUMBIA

| | |
|---|---|
| **WALKER INTERNATIONAL HOLDINGS LIMITED**<br><br>Le Plaignant,<br><br>contre<br><br>**LA REPUBLIQUE DU CONGO, et autres**<br><br>Les Défendeurs | **Action civile N° 00-2987 (JR)** |
| | |

[stamp]
. DEPOSE
15 MARS 2002
NANCY MAYER-WHITTINGTON, GREFFIER
COUR DE DISTRICT (TRIBUNAL FEDERAL DE PREMIERE INSTANCE)
DES ETATS-UNIS D'AMERIQUE

## JUGEMENT

La sentence finale prononcée par la Chambre de commerce international, la Cour internationale d'arbitrage (ci-joint : Pièce à conviction A de la Plainte) est CONFIRMEE et un JUGEMENT est enregistré contre les Défendeurs, la République du Congo et la Caisse Congolaise D'Amortissement, pour la somme de 26 093 251, 00 dollars US.

[signature]
Le très honorable James Robertson
Juge de District des Etats-Unis d'Amérique

Exemplaires à :

Maître Jonathan P. Graham
Williams & Connolly LLP
725 12th Street, N.W.
Washington, DC 20005

République du Congo
Aux bons soins du Chef du ministère des Affaires étrangères
B.P. 98
Brazzaville, Congo

Caisse Congolaise D'Amortissement
B.P. 2090
Brazzaville, Congo

Caisse Congolaise D'Amortissement
Aux bons soins du Chef du ministère des Affaires étrangères
B.P. 98
Brazzaville, Congo

## NOTIFICATION DE JUGEMENT PAR DEFAUT A L'INTENTION DE LA CAISSE CONGOLAISE D'AMORTISSEMENT

**1.    Intitulé des poursuites judiciaires, nom du tribunal, numéro de cas ou du registre des comptes rendus d'audience :**

*Walker International Holdings Limited contre République du Congo et Caisse Congolaise d'Amortissement* ; Cour de district (Tribunal fédéral de première instance) des Etats-Unis d'Amérique pour le District de Columbia, Action civile N° 00-2987 (JR).

**2.    Nom de l'Etat étranger (ou circonscription politique) concerné :**

Caisse Congolaise D'Amortissement.

**3.    Identité des autres Parties :**

Walker International Holdings Limited et la République du Congo.

### DOCUMENTS JUDICIAIRES

**4.    Nature des documents signifiés :**

Jugement par défaut.

**5.    Nature et objet des poursuites ; pourquoi l'Etat étranger (ou la circonscription politique) a-t-il été nommé ; Dédommagements réclamés :**

La présente constitue une action pour confirmer une sentence arbitrale. Aux environs du 20 juillet 2000, la Cour d'arbitrage de la Chambre de commerce internationale, située à Paris, en France, a prononcé une sentence finale d'un montant de 155 678 470, 08 francs français, frais et intérêts en sus, contre la République du Congo et la Caisse Congolaise D'Amortissement, et en faveur du Plaignant, Walker International Holdings Limited. La court de district (Tribunal fédéral de première instance) des Etats-Unis d'Amérique a confirmé la sentence arbitrale et a enregistré un jugement d'un montant de 26 093 251, 00 dollars US contre la République du Congo et la Caisse Congolaise D'Amortissement. La Caisse Congolaise D'Amortissement représente le Défendeur dans ce cas car la sentence arbitrale a été prononcée contre la Caisse Congolaise D'Amortissement.

**6.    Date du jugement par défaut (le cas échéant) :**

15 mars 2002.

7.     Une réponse à toute « Assignation » et « Plainte » est requise pour être soumise à la cour, au plus tard 60 jours à compter de la réception de ces documents. La réponse pourra présenter une défense exigée par la loi (y compris une défense relative à l'immunité de l'Etat).

8.     Toute omission de soumettre une réponse en temps utile pourra entraîner un jugement par défaut et une sommation d'exécuter le jugement. Si un jugement par défaut est prononcé, une procédure pourra exister pour annuler ou accorder ce jugement.

9.     Toutes questions relatives à l'immunité de l'Etat et à l'autorité judiciaire des tribunaux des Etats-Unis d'Amérique sur les Etats étrangers sont prévues dans le Foreign Sovereign Immunities Act de 1976, qui figure dans les Articles 1330, 1391(f), 1441(d), et 1602 à 1611, sous le titre 28, du United States Code (Pub. L. 94-583; 90 Stat. 2891).

o

28 U.S.C.A. § 1330

# CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1330. Actions contre les états étrangers

(a) Les cours fédérales jouissent de la juridiction d'origine, indépendamment de l'importance de la controverse de toute action civile sans jury contre un État étranger, tel que défini dans l'article 1603(a) du présent titre concernant toute demande de réparation *in personam* pour laquelle l'État étranger n'a pas droit à l'immunité, soit dans le cadre des articles 1605-1607 du présent titre, soit aux termes de toute convention internationale applicable.

(b) La juridiction individuelle couvrant un État étranger existe pour toute demande de réparation relevant de la juridiction des cours fédérales aux termes de l'alinéa (a) où le service a été accompli conformément à l'article 1608 du présent titre.

(c) Aux fins de l'alinéa (b), la comparution d'un État étranger ne confère pas la juridiction individuelle pour toute demande d'assistance ne provenant pas d'une transaction énumérée dans les articles 1605-1607 du présent titre.

28 U.S.C.A. § 1391

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1391. De la juridiction géographique en général

(f) Une action civile contre un État étranger tel que défini dans l'article 1603(a) du présent titre peut être intentée :

    (1) auprès de tout district juridique au sein duquel la plupart des événements ou omissions à l'origine de la plainte se sont produits ou une partie substantielle de la propriété faisant l'objet de l'action se trouve ;

    (2) dans tout district juridique au sein duquel le navire ou la cargaison d'un État étranger se trouve, si la revendication est présentée dans le cadre de l'article 1605(b) du présent titre ;

    (3) dans tout district juridique dans lequel l'agence ou l'organisme est qualifié(e) pour mener des activités commerciales ou mène des activités commerciales, si l'action est intentée contre une agence ou un organisme appartenant à un État étranger, tels que définis dans l'article 1603(b) du présent titre ; ou

    (4) dans la Cour Fédérale des États-Unis du District of Columbia, si l'action est intentée contre un État étranger ou une subdivision politique de ce dernier.

28 U.S.C.A. § 1441

CODE DES ÉTATS-UNIS ANNOTÉ
TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1441. Actions généralement transférables

(d) Toute action civile intentée auprès d'une cour d'État contre un État étranger tel que défini dans l'article ~ ~ <03(a) du présent titre peut être transférée par l'État étranger vers la cour fédérale des États-Unis du district et la division comprenant le lieu où ladite action se trouve en instance. Lors du transfert, l'action sera jugée par la cour, sans jury. Lorsque le transfert est basé sur cet alinéa, les durées relatives à l'article 1446(b) du présent titre peuvent être prolongées à tout moment pour la cause indiquée.

28 U.S.C.A. § 1602

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1602. Conclusions et déclaration de but

Le Congrès constate que le traitement par les cours des États-Unis des demandes des États étrangers relatives à l'immunité vis-à-vis de la juridiction de telles cours, servirait les intérêts de la justice et protégerait aussi bien les droits des États étrangers et que les plaideurs auprès des cours des États-Unis. En vertu du droit international, les États ne bénéficient pas de l'immunité juridictionnelle des cours étrangères tant que leurs activités commerciales sont concernées et que leur propriété commerciale peut être saisie dans le cadre de l'application des jugements rendus contre eux et relatifs à leurs activités commerciales. Les décisions se rapportant aux demandes relatives à l'immunité formulées par les États étrangers devront être dorénavant prises par les cours des États-Unis et celles des États étrangers conformément aux dispositions du présent chapitre.

28 U.S.C.A. § 1603

# CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1603. Définitions

Pour les besoins de ce chapitre :

(a) « un État étranger », excepté pour l'utilisation de ce terme dans l'article 1608 du présent titre, inclut une subdivision politique, ou une agence ou organisme d'un État étranger tels que définis dans l'alinéa (b).

(b) « une agence ou un organisme d'un État étranger » signifie toute entité :

(1) indépendante dotée de la personnalité juridique, constituée en société ou toute autre entité similaire, et

(2) organe ou subdivision politique d'un État étranger, ou dont la plupart des actions ou d'autres intérêts de propriété sont détenus par un État étranger ou par une subdivision politique de ce dernier, et

(3) qui n'est ni citoyenne d'un État des États-Unis tel que défini dans les articles 1332(c) et (d) du présent titre, ni créée en vertu des lois de tout pays tiers.

(c) Le terme « États-Unis » inclut tous les territoires et toutes les eaux, continentaux et insulaires, soumis à la juridiction des États-Unis.

(d) Une « activité commerciale » signifie soit une activité commerciale régulière, soit une transaction commerciale ou un acte particuliers. Le caractère commercial d'une activité sera déterminé par rapport à la nature de l'activité ou de la transaction particulière ou de l'acte particulier, plutôt qu'en se référant à son but.

(e) Une « activité commerciale menée aux États-Unis par un État étranger » signifie une activité commerciale menée par ledit État et ayant un contact substantiel avec les États-Unis.

28 U.S.C.A. § 1604

## CODE DES ÉTATS-UNIS ANNOTÉ
### TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1604. Immunité juridictionnelle d'un État étranger

Dans le cadre des conventions internationales en vigueur dont les États-Unis font partie lors de l'établissement de cette Loi, un État étranger jouit de l'immunité juridictionnelle des cours des États-Unis et des États, sous réserve des dispositions des articles 1605 à 1607 de ce chapitre.

28 U.S.C.A. § 1605

## CODE DES ÉTATS-UNIS ANNOTÉ
### TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1605. Exceptions générales relatives à l'immunité juridictionnelle d'un État étranger

(a) Un État étranger ne jouit pas de l'immunité juridictionnelle des cours des États-Unis ou des États dans tous les cas :

    (1) où l'État étranger a renoncé à son immunité explicitement ou implicitement, nonobstant tout retrait de la renonciation que l'État étranger peut prétendre effectuer, sous réserve des dispositions relatives à la renonciation ;

    (2) où l'action est basée sur une activité commerciale menée aux États-Unis par l'État étranger, sur un acte accompli aux États-Unis relatif à une activité commerciale de l'État étranger ailleurs, ou sur un acte en dehors du territoire des États-Unis relatif à une activité commerciale de l'État étranger ailleurs, et que cet acte a un effet direct aux États-Unis ;

    (3) où les droits d'une propriété détenue en violation du droit international sont concernés et que cette propriété ou toute propriété échangée contre ladite propriété est présente aux États-Unis et liée à une activité commerciale aux États-Unis par l'État étranger ou que cette propriété ou toute propriété échangée contre ladite propriété est détenue ou gérée par une agence ou un organisme de l'État étranger engagé(e) dans une activité commerciale aux États-Unis ;

    (4) où les droits d'une propriété aux États-Unis acquise par succession ou acquise à titre de don, ou les droits d'une propriété immobilière située aux États-Unis sont concernés ;

    (5) non prévus par le paragraphe (2) ci-dessus, dans lequel des dommages pécuniaires sont réclamés auprès d'un État étranger pour des blessures ou pour la mort, ou pour des dégâts causés à la propriété ou à la perte de cette dernière, ayant eu lieu aux États-Unis et causés à tort ou par omission de la part de cet État étranger ou par tout fonctionnaire ou employé dudit État étranger agissant dans le cadre de ses fonctions ou de son emploi, sauf que ce paragraphe ne s'applique pas à :

        (A) toute plainte basée sur l'exercice, l'exécution ou le défaut d'exercer ou d'exécuter une fonction discrétionnaire indépendamment de l'abus de discrétion, ou à

        (B) toute plainte résultant d'une poursuite malveillante, d'un abus de procédure, d'une diffamation, d'une calomnie, d'une fausse déclaration, d'une supercherie ou d'interférences avec des droits contractuels ;

    6) l'action est intentée, soit pour imposer une convention établie par l'État étranger avec un partenaire privé ou pour le bénéfice de ce dernier pour soumettre à l'arbitrage tout différend surgissant ou susceptible de surgir entre les parties relatif à une relation juridique définie, contractuelle ou non, concernant un problème pouvant être résolu par arbitrage en vertu des lois des États-Unis, soit pour confirmer le jugement aux termes de ladite convention à arbitrer, si (A) l'arbitrage a lieu ou est prévu de se dérouler aux États-Unis, (B) la convention ou le jugement est ou peut être régi par un traité ou toute autre convention internationale en vigueur aux États-Unis réclamant l'identification et l'application des jugements d'arbitrage, (C) la plainte correspondante, excepté pour la convention à arbitrer, pourrait avoir été intenté auprès d'une cour des États-Unis dans le cadre de cet article ou de l'article 1607 ou (D) paragraphe (1) de cet alinéa, soit applicable par ailleurs ; ou

(7) non couvert par ailleu. ／ar le paragraphe (2), dans lequel les dom    ges pécuniaires sont réclamés auprès d'un État étranger pour des blessures ou la mort résultant d'un acte de torture, d'une mise à mort extrajudiciaire, d'un sabotage d'avion, d'une prise d'otages ou de la fourniture de supports matériels ou de moyens (tels que définis dans l'article 2339A du chapitre 18) pour un tel acte si ledit acte ou ladite fourniture de supports matériels est accompli(e) par un fonctionnaire, un employé ou agent dudit État étranger agissant dans le cadre de ses fonctions ou de son emploi ou au sein de son organisme, sous réserve que la cour refuse de recevoir une plainte dans le cadre de ce paragraphe :

    (A) si l'État étranger n'a pas été considéré comme État commanditaire d'actes de terrorisme aux termes de l'article 6(j) de la Loi de 1979 relative à l'administration des exportations (Export Administration Act - 50 U.S.C. App. 2405(j)) ou de l'article 620A de la Loi de 1961 relative à l'assistance étrangère (Foreign Assistance Act – 22 U.S.C. 2371) au moment où l'acte s'est produit, à moins qu'il soit considéré ultérieurement comme le résultat d'un tel acte ; et

    (B) même si l'État étranger est ou était considéré comme tel, si :

        (i) l'acte s'est produit dans l'État étranger contre lequel une plainte a été déposée et le requérant n'a pas accordé à l'État étranger une opportunité raisonnable pour procéder à l'arbitrage de la plainte conformément aux règles d'arbitrage internationales agréées ; ou

        (ii) le requérant et la victime ne sont pas des nationaux des États-Unis (ce terme étant défini dans l'article 101(a)(22) de la Loi sur l'immigration et la nationalité [Immigration and Nationality Act]) lorsque l'acte sur lequel est basé la plainte s'est produit.

(b) Un État étranger ne jouit pas de l'immunité juridictionnelle des cours des États-Unis dans tous les cas où un procès est intenté dans l'amirauté pour exécuter un recours maritime contre un navire ou une cargaison de l'État étranger, lequel recours maritime est basé sur une activité commerciale de l'État étranger, à condition que :

    (1) la notification du procès soit effectuée par la remise d'une copie de la citation et de la plainte à la personne ou à son agent en possession du navire ou de la cargaison contre lequel le recours maritime est revendiqué; si le navire ou la cargaison est saisi(e) conformément à la procédure obtenue au nom de la partie intentant les poursuites, le service de procédure de saisie sera considéré pour constituer une remise valable de ladite notification, mais la partie intentant les poursuites sera responsable de tous les dommages subis par l'État étranger en raison de la saisie si la partie intentant les poursuites avait connaissance d'une manière réelle ou implicite que le navire ou la cargaison d'un État étranger était impliqué(e); et

    (2) la notification à l'État étranger de l'engagement du procès de la manière prévue dans l'article 1608 du présent chapitre est émise dans les dix jours, soit à compter de la date de la remise de la notification telle que prévue dans le paragraphe (1) de cet alinéa, soit, dans le cas d'une partie qui ignorait que le navire ou la cargaison d'un État étranger était impliquée, à compter de la date à laquelle ladite partie a déterminé l'existence de l'intérêt de l'État étranger.

(c) lorsque notification est livrée dans le cadre de l'alinéa (b)(1), le procès pour l'exécution d'un recours maritime continuera par la suite et sera instruit et résolu conformément aux principes juridiques et coutumes en vigueur régissant les poursuites *in rem* dans le cas où il s'avère que, pourvu que le navire ait été possédé ou détenu à titre privé, un procès *in rem* pourrait avoir été maintenu. Un décret de jugement contre l'État étranger peut inclure les frais du procès et, si le décret concerne un jugement monétaire, les intérêts ordonnés par la cour, sauf que la cour peut ne pas attribuer le jugement contre l'État étranger pour un montant supérieur à la valeur du navire ou de la cargaison pour laquelle ou pour lequel le recours maritime a été lancé. Un tel montant sera déterminé à la date de la remise de la notification aux termes de l'alinéa (b)(1). Les jugements peuvent faire l'objet d'un appel et d'une révision tel que prévu dans d'autres cas relatifs à la juridiction de l'Amirauté et des lois maritimes. Rien n'exclura le demandeur dans tout cas approprié de demander réparation *in personam* dans la même action intentée pour exécuter un recours aux termes du présent article.

(d) Un État étranger ne jouit p⸜⸜ de l'immunité juridictionnelle des cours ⸜ États-Unis dans toute action intentée pour saisir un bien hypothéqué préféré, tel que défini dans la loi de 1920 relative à l'hypothèque des navires (Ship Mortgage Act - 46 U.S.C. 911 et suivants). Ladite action sera intentée, instruite et résolue selon ⸜ ⸜spositions de cette Loi, conformément aux principes juridiques et coutumes en vigueur régissant les p⸜⸜rsuites *in rem* dans le cas où il s'avère que, pourvu que le navire fusse possédé ou détenu à titre privé, un procès *in rem* pourrait avoir été maintenu.

(e) Aux fins du paragraphe (7) de l'alinéa (a) :

    **(1)** La signification des termes « torture » et « mise à mort extrajudiciaire » est celle des termes contenus dans l'article 3 de la Loi de 1991 relative à la protection des victimes de tortures (Torture Victim Protection Act) ;

    **(2)** La signification du terme « prise d'otage » est celle du terme contenu dans l'article 1 de la Convention internationale contre les prises d'otages (International Convention Against the Taking of Hostages) ; et

    **(3)** La signification du terme « sabotage d'avion » est celle du terme contenu dans l'article 1 de la Convention pour la prévention des actes illégaux contre la sécurité de l'aviation civile (Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation).

(f) Aucune action ne sera maintenue dans le cadre de l'alinéa (a)(7) à moins que l'action fusse engagée plus de 10 ans après la date à laquelle la cause de l'action s'est produite. Tous les principes d'un paiement équitable, y compris la période durant laquelle l'État étranger jouissait de l'immunité contre les poursuites, s'appliqueront pour le calcul de cette période.

(g) **Limitation relative à l'instruction :**

    **(1) En général :** (A) dans le cadre du paragraphe (2), si l'action versée au dossier se verrait opposer par ailleurs une fin de non-recevoir par le paragraphe 1604, excepté pour l'alinéa (a)(7), la cour, sur demande du Ministre de la justice, ordonnera la suspension de toute requête, de toute demande ou de tout mandat pour une instruction sur les États-Unis que le Ministre de la justice certifierait comme gênant de manière significative une investigation ou une poursuite criminelle ou interférant avec une opération de sécurité nationale, en rapport avec l'incident ayant provoqué la cause de l'action, jusqu'à ce que le Ministre de la justice avise la cour que ladite requête ou demande ou que ledit mandat ne provoque plus de telles interférences.

        **(B)** Une mesure de suspension, dans le cadre du présent paragraphe ne peut prendre effet durant une période de 12 mois à dater du jour où la cour établit l'ordre de suspendre l'instruction. La cour renouvellera l'ordre de suspension de l'instruction durant des périodes supplémentaires de 12 mois sur motion émise par les États-Unis si le Ministre de la justice certifie que l'instruction gênerait de manière significative une investigation ou une poursuite criminelle, ou une opération de sécurité nationale, en rapport avec l'incident ayant provoqué la cause de l'action.

    **(2) Législation du « coucher de soleil » :** (A) dans le cadre du paragraphe (B), aucune mesure de suspension ne peut être accordée ni continuer de prendre effet dans le cadre du sous-alinéa (1) après une période de 10 ans suivant la date à laquelle l'incident a provoqué la cause de l'action produite.

        **(B)** Après la période visée dans le sous-alinéa (A), sur demande du Ministre de la justice, la cour peut ordonner la suspension de toute requête, de toute demande ou de tout mandat pour une instruction sur les États-Unis que la cour considérerait avec une forte probabilité comme :

            **(i)** présentant une menace sérieuse de mort ou de blessures physiques à toute personne ;

            **(ii)** affectant négativement la capacité des États-Unis de travailler en coopération avec des organismes judiciaires étrangers et internationaux lors des investigations sur les violations des lois des États-Unis ; ou

(iii) entravant l'affaire criminelle concernant l'incident ayant provoqué la cause de l'action ou sapant la possibilité d'une condamnation dans ladite affaire.

**3) Évaluation des preuves :** l'évaluation par la cour de toute requête relative à une suspension dans le cadre du présent soumise par le Ministre de la justice sera effectuée *ex parte* et *in camera.*

**(4) Interdiction relative aux motions de fin de non-recevoir :** une suspension d'instruction dans le cadre du présent alinéa constitue une interdiction de motion de fin de non-recevoir dans le cadre des règles 12(b)(6) et 56 du Code fédéral des procédures civiles (Federal Rules of Civil Procedure).

**(5) Interprétation :** aucune partie du présent alinéa ne peut empêcher les États-Unis de rechercher des mandats protecteurs ou de revendiquer des privilèges généralement disponibles pour les États-Unis.