# EXHIBIT A-6

28 U.S.C.A. § 1606

CODE DES ÉTATS-UNIS ANNOTÉ
TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1606. Limites des responsabilités

Comme pour toute demande de réparation pour laquelle un État étranger n'a pas droit à l'immunité aux termes des articles 1605 et 1607 du présent paragraphe, l'État étranger sera responsable de la même manière et jusqu'au même degré qu'un particulier dans de telles circonstances ; mais un État étranger, excepté pour une agence ou un organisme de ce dernier, ne sera pas responsable des dégâts punitifs, excepté pour toute action faisant l'objet des articles 1605(a)(7) et 1610(f) ; cependant, si dans toute affaire relative à une mort provoquée, la loi du lieu où l'action ou l'omission s'est produite, fournit ou a été interprété comme fournissant, pour les dommages punitifs uniquement en nature, l'État étranger sera responsable des dommages réels ou compensatoires évalués en fonction des préjudices pécuniaires résultant dudit décès, subis par les personnes bénéficiaires de l'action intentée.

28 U.S.C.A. § 1607

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1607. Demande reconventionnelle

Dans toute action intentée par un État étranger ou dans laquelle un État étranger intervient, dans une cour des États-Unis ou d'un État, il ne sera pas accordé d'immunité à l'État étranger quant à toute demande reconventionnelle :

(a) pour laquelle un État étranger ne pourrait avoir droit à l'immunité aux termes de l'article 1605 de ce chapitre, que la plainte fusse soumise dans le cadre d'une action séparée contre l'État étranger ; ou

(b) provienne de la transaction ou de l'événement dont fait l'objet de la revendication de l'État étranger ; ou

(c) dans la mesure où la demande reconventionnelle ne revendique pas un montant dépassant ou différent, en nature, du montant revendiqué par l'État étranger.

28 U.S.C.A. § 1608

## CODE DES ÉTATS-UNIS ANNOTÉ
### TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§1608. Assignation ; délai de réfutation ; défaut de non comparution

(a) La signification d'acte au sein des cours des États-Unis et des États s'effectuera pour l'État étranger ou une subdivision politique d'un État étranger :

   (1) par la remise d'une copie de la citation et de la plainte conformément à toute disposition particulière relative aux assignations entre le demandeur et l'État étranger ou la subdivision politique de ce dernier ; ou

   (2) en l'absence de toute disposition particulière, par la remise d'une copie de la citation et de la plainte conformément à une convention internationale applicable relative aux assignations des documents juridiques ; ou

   (3) si l'assignation ne peut être effectuée dans le cadre des dispositions des paragraphes (1) ou (2), en envoyant une copie de la citation et de la plainte ainsi qu'une notification de procès, accompagnées de leurs traductions dans chacune des langues officielles de l'État étranger, par toute forme de courrier exigeant un accusé de réception signé, à adresser et expédier par le greffier au Ministre des affaires étrangères de l'État étranger concerné, ou

   (4) si l'assignation ne peut être effectuée dans les 30 jours aux termes du paragraphe (3), en envoyant deux copies de la citation et de la plainte ainsi que de la notification de procès, accompagnées de leurs traductions dans chacune des langues officielles de l'État étranger, par toute forme de courrier exigeant un accusé de réception signé, à adresser et expédier par le greffier au Ministre des affaires étrangères à Washington, district of Colombia, à l'attention Directeur des services consulaires spéciaux (Director of Special Consular Services), et le Ministre transmettra une copie des documents par la voie diplomatique à l'État étranger et enverra au commis de la cour une copie certifiée de la notification diplomatique indiquant la date à laquelle les documents ont été transmis.

   Aux termes de cet article, la « notification de procès » signifie : une notification adressée à un État étranger et sous une forme prescrite par le Ministre des affaires étrangères conformément à la réglementation.

(b) L'assignation dans les cours des États-Unis et des États relative aux agences et organismes d'un État étranger sera effectuée :

   (1) par la remise d'une copie de la citation et de la plainte conformément à toute disposition particulière relative aux assignations entre le demandeur et l'agence ou l'organisme ; ou

   (2) dans le cas où aucune disposition particulière n'existe, par la remise d'une copie de la citation et de la plainte à un responsable, directeur ou homme d'affaire, ou à tout autre agent autorisé par nomination ou par la loi à recevoir l'assignation de la procédure aux États-Unis ; ou conformément à toute convention internationale applicable aux significations d'actes juridiques ; ou

   (3) dans le cas où l'assignation ne peut être effectuée aux termes des paragraphes (1) ou (2), et si raisonnablement évalué, par la remise d'une copie de la citation et de la plainte, accompagnées d'une traduction dans chacune des langues officielles de l'État étranger :

(A) selon les instructions d'une autorité de l'État étranger ou d'une subdivision politique en réponse à une commission rogatoire ou requête, ou

(B) par toute forme de courrier exigeant un accusé de réception signé, à adresser et expédier par le greffier à l'agence ou à l'organisme destinataire faisant l'objet de l'assignation, ou

(C) selon les instructions d'un mandat de la cour conforme à la loi du lieu où l'assignation doit être effectuée.

(c) L'assignation sera considérée comme étant accomplie :

(1) dans le cas d'une assignation aux termes de l'alinéa (a)(4), à la date de transmission indiquée dans la copie certifiée de la notification diplomatique ; et

(2) dans tous les autres cas relatifs au présent paragraphe, à la date indiquée sur le document de certification, l'accusé de réception postal signé et retourné ou sur tout autre preuve d'assignation applicable à la procédure de signification utilisée.

(d) Dans toute action intentée dans une cour des États-Unis ou d'un État, un État étranger, une subdivision politique de ce dernier, ou l'agence ou l'organisme d'un État étranger signifiera une réponse ou toute autre plaidoirie réagissant favorablement à la plainte dans les soixante jours suivant la date de signification visée dans le présent paragraphe.

(e) Aucun jugement par défaut ne sera rendu par une cour des États-Unis ou d'un État contre un État étranger, une subdivision politique de ce dernier, ou l'agence ou l'organisme d'un État étranger, sous réserve que le requérant établisse sa plainte ou ses droits aux réparations en fournissant des preuves satisfaisantes à la cour. Une copie dudit jugement par défaut sera transmis à l'État étranger ou à une subdivision politique selon les modalités d'assignation définies dans ce paragraphe.

28 U.S.C.A. § 1609

CODE DES ÉTATS-UNIS ANNOTÉ
TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1609. Immunité relative à la saisie et à l'exécution d'une propriété appartenant à un État étranger

Dans le cadre des conventions internationales en vigueur dont font partie les États-Unis à la date de promulgation de cette Loi, la propriété aux États-Unis appartenant à un État étranger jouit de l'immunité contre la saisie-arrêt et l'exécution, sous réserve des dispositions des articles 1610 et 1611 du présent paragraphe.

8 U.S.C.A. § 1610

CODE DES ÉTATS-UNIS ANNOTÉ
TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1610. Exceptions relatives à l'immunité contre la saisie ou l'exécution

(a) La propriété aux États-Unis d'un État étranger, tel que défini dans l'article 1603(a) de ce chapitre, utilisée pour une activité commerciale aux États-Unis, ne jouit pas de l'immunité contre la saisie dans l'aide d'exécution ou dans l'exécution, sur un jugement rendu par une cour des États-Unis ou d'un État postérieurement à la date d'effet de cette Loi, si :

   (1) l'État étranger a levé son immunité contre la saisie dans l'aide d'exécution ou dans l'exécution, explicitement ou implicitement, nonobstant tout retrait de la renonciation que l'État étranger peut prétendre effectuer, selon les termes la renonciation, ou

   (2) la propriété est ou a été utilisée pour l'activité commerciale sur laquelle est basée la plainte, ou

   (3) l'exécution concerne un jugement déterminant des droits relatifs à la propriété qui a été prise en violation du droit international ou qui a été échangée avec une propriété prise en violation du droit international, ou

   (4) l'exécution concerne un jugement déterminant des droits relatifs à la propriété :

      (A) acquise par succession ou à travers un don, ou

      (B) bien immeuble situé aux États-Unis, à condition que ladite propriété ne soit pas utilisée aux fins de maintenir une mission diplomatique ou consulaire ou la résidence du chef d'une telle mission, ou

   (5) la propriété se compose de tout engagement contractuel ou bien dérivant dudit engagement contractuel pour indemniser ou mettre à couvert l'État étranger ou ses employés dans le cadre d'une police d'assurance d'automobile ou toute autre assurance liées aux engagements ou aux accidents couvrant la plainte aboutissant au jugement, ou

   (6) le jugement est basé sur un ordre confirmant une sentence arbitrale rendue contre l'État étranger, à condition que la saisie dans l'aide d'exécution ou dans l'exécution ne soit contradictoire avec aucune disposition de la convention arbitrale, ou

   (7) le jugement concerne une plainte contre laquelle l'État étranger ne jouit pas de l'immunité aux termes de l'article 1605(a)(7), que la propriété soit impliquée ou non dans l'acte faisant l'objet de la plainte.

(b) En complément à l'alinéa (a), toute propriété aux États-Unis d'une agence ou d'un organisme appartenant à un État étranger engagé dans des activités commerciales aux États-Unis ne jouit pas de l'immunité contre la saisie dans l'aide d'exécution ou d'exécution, sur un jugement rendu par une cour des États-Unis ou d'un État postérieurement à la date d'effet de la présente Loi, si :

   (1) l'agence ou l'organisme a levé son immunité de saisie dans l'aide d'exécution ou dans l'exécution, explicitement ou implicitement, nonobstant tout retrait de renonciation que l'agence ou l'organisme peut prétendre effectuer, sous réserve des dispositions de la renonciation, ou

   (2) le jugement concerne une plainte pour laquelle l'agence ou l'organisme ne jouit pas de l'immunité en vertu de l'article 1605(a)(2), (3), (5), ou (7), ou 1605(b) de ce chapitre, que la propriété soit impliquée ou non dans l'acte faisant l'objet de la plainte.

c) Aucune saisie ou exécution visé(e) aux alinéas (a) et (b) de cet article ne sera autorisé, jusqu'à ce que la cour ordonne ladite saisie et ou ladite exécution après avoir constaté qu'une période raisonnable s'est écoulée après jugement et livré toute notification requise aux termes de l'article 1608(e) du présent chapitre.

d) La propriété d'un État étranger tel que défini dans l'article 1603(a) du présent chapitre, utilisée pour une activité commerciale aux États-Unis, ne jouit pas de l'immunité de saisie avant l'enregistrement du jugement dans toute action intentée dans une cour des États-Unis ou d'un État, ou avant l'échéance de la période visée dans l'alinéa (c) du présent article, si :

(1) l'État étranger a explicitement levé son immunité de saisie avant le jugement, nonobstant tout retrait de renonciation que l'État étranger peut prétendre effectuer, conformément aux dispositions relatives à la renonciation, et

(2) le but de la saisie est de sécuriser un jugement qui a été ou qui peut finalement être enregistré contre l'État étranger, et non pour obtenir la juridiction.

(e) Les navires d'un État étranger ne jouiront pas de l'immunité contre la saisie *in rem*, la vente interlocutoire et l'exécution dans les actions intentées pour saisir la propriété hypothéquée préférée conformément aux dispositions de l'article 1605(d).

(f)(1)(A) Nonobstant toute autre disposition légale, y compris sans limitation, l'article 208(f) de la Loi relative aux missions étrangères (Foreign Mission Act, 22 U.S.C. 4308(f)), et sous réserve des dispositions du sous-alinéa (B), toute propriété relative aux transactions financières sont interdites ou régies selon les dispositions de l'article 5(b) de la Loi relative au commerce avec l'ennemi (Trading with the Enemy Act, 50 U.S.C. CApp. 5(b)), de l'article 620(a) de la Loi de 1961 relative à l'assistance étrangère (Foreign Assistance Act, 22 U.S.C. 2370(a)), des articles 202 et 203 de la Loi relative aux puissance économiques de secours international (International Emergency Economic Power Act, 50 U.S.C. 1701-1702), ou de toute autre proclamation, décret, réglementation ou permis correspondant, sera soumise à l'exécution ou à la saisie dans l'aide d'exécution de tout jugement concernant une plainte pour laquelle un État étranger (y compris toute agence, organisme ou ledit État) revendique qu'une telle propriété ne jouit pas de l'immunité aux termes de l'article 1605(a)(7).

(B) Le sous-alinéa (A) ne s'appliquera pas si, lorsque la propriété est expropriée ou saisi par l'État étranger, la propriété a été maintenue en titre par une personne physique ou, si maintenue en confiance, a été maintenue au profit de personne(s) physique(s).

(2)(A) Sur demande de toute partie en faveur de laquelle un jugement a été rendu en ce qui concerne une plainte pour laquelle l'État étranger ne jouit pas de l'immunité aux termes de l'article 1605(a)(7), le Ministre des Finances et le Ministre des affaires étrangères devront, d'une manière complète, prompte et efficace aider tout créancier du jugement ou toute cour qui aura établi un tel jugement, en identifiant, en retrouvant et en procédant à l'exécution contre la propriété de cet État étranger ou de toute agence ou organisme dudit État.

(B) Dans le cadre de ladite assistance, les Ministres :

(i) peuvent fournir de telles informations scellées à la cour et

(ii) fourniront les informations à temps afin de permettre à la cour de s'adresser au bureau du Marshall des États-Unis afin de procéder promptement et efficacement à l'exécution contre cette propriété.

28 U.S.C.A. § 1611

## CODE DES ÉTATS-UNIS ANNOTÉ
## TITRE 28. PROCÉDURES JUDICIAIRES ET JURIDIQUES

§ 1611. Types de propriétés jouissant de l'immunité d'exécution

(a) Nonobstant les dispositions de l'article 1610 de ce chapitre, la propriété des organismes désignés par le Président comme étant autorisé à jouir de privilèges, d'exemptions et d'immunités fournies par la Loi sur les immunités internationales des organismes (International Organizations Immunities Act) ne peuvent faire l'objet de saisie ou de tout autre procédé juridique empêchant le déboursement de fonds à un État étranger ou sur ordre de ce dernier, suite à une action intentée auprès des cours des États-Unis et des États.

(b) Nonobstant les dispositions de l'article 1610 de ce chapitre, la propriété d'un État étranger jouira de l'immunité de saisie et d'exécution, si :

> (1) la propriété est celle d'une banque centrale étrangère ou d'autorité monétaire maintenue pour ses propres compte, à moins qu'une telle banque ou autorité, ou son gouvernement étranger parent, a explicitement levé son immunité de saisie dans l'aide d'exécution ou dans l'exécution, en dépit de tout retrait de la renonciation que la banque, l'autorité ou le gouvernement peut prétendre effectuer, sous réserve des dispositions de la renonciation ; ou

> (2) la propriété est ou est destiné à être utilisée dans le cadre d'une activité militaire et

>> (A) est de caractère militaire, ou

>> (B) est sous le contrôle d'une autorité militaire ou d'un organisme de défense.

(c) Nonobstant les dispositions de l'article 1610 du présent chapitre, la propriété d'un État étranger jouira de l'immunité de saisie et d'exécution dans une action intentée dans le cadre de l'article 302 de la Loi cubaine de 1996 relative à la liberté et à la démocratie (Cuban Liberty and Democratic Solidarity, ou LIBERTAD) dans la mesure où la propriété est un service ou une installation utilisée par une mission diplomatique accréditée pour des objectifs officiels.

PL 106-386, 28 octobre 2000, 114 Stat 1464

**DROIT PUBLIC DES ÉTATS-UNIS**
*(United States Public Laws)*
106ᵉ congrès - deuxième session
Réunion du 24 janvier 2000-12-08

PL 106-386 (HR 3244)
28 octobre 2000
**LOI 2000 RELATIVE À LA PROTECTION DES VICTIMES DE TRAFICS ET VIOLENCES**
*(Victims of Trafficking and Violence Protection Act of 2000)*

Une loi destinée à combattre le trafic des personnes, particulièrement le commerce du sexe, l'esclavage et la servitude involontaire, afin de réautoriser certains programmes fédéraux d'empêcher les actes de violence contre les femmes, ainsi que pour d'autres buts.

Le Sénat et la Chambre des Représentants des États-Unis d'Amérique,
réunis en Congrès, ordonnent :

ARTICLE 1. TITRE ABRÉGÉ

<< 22 USCA § 7101 NOTE >>

La présente Loi peut être citée sous le titre : « *Victims of Trafficking and Violence Protection Act of 2000* » (« Loi 2000 relative à la protection des victimes de trafics et violences « ).

ARTICLE 2. ORGANISATION DE LA LOI EN SECTIONS *(Divisions)* ; TABLE DES MATIÈRES

\* \* \*

SECTION C - DISPOSITIONS DIVERSES

\* \* \*

ARTICLE. 2002 - PAIEMENTS RELATIFS À CERTAINS JUGEMENTS ANTI-TERRORISTES

\* \* \*

<< 28 USCA § 1610 >>

(f) AMENDEMENTS – L'ARTICLE 1610(f) DU TITRE 28, CODE DES ÉTATS-UNIS EST MODIFIÉ :

(A) dans les paragraphes (2)(A) et (2)(B)(ii), en remplaçant « *shall* » par « *should make every effort to* » (c'est-à-dire en remplaçant la forme obligatoire des verbes, comme le mot « doit » ou « doivent » par la forme « devraient s'efforcer au maximum de... »)

(B) en ajoutant à la fin, le nouveau paragraphe suivant :

« (3) RENONCIATION : Le Président peut renoncer à toute disposition du paragraphe (1) dans l'intérêt de la sécurité nationale ».

<< 28 USCA § 1606 >>

<< 28 USCA § 1610 NOTE >>

(2) Sont abrogés les sous-alinéas (b) et (d) de l'article 117 de la Loi de 1999 relative aux appropriations du Ministère des Finances (« Treasury Department Appropriations Act, 1999 »), (tels que contenus dans l'article 101 (h) du droit public 105-277).

PL 107-77, le 28 novembre 2001, 115 Stat 748

**DROIT PUBLIC DES ÉTATS-UNIS**
107ème congrès – Première séance
Convocation de janvier 2001

PL 107-77 (HR 2500)
Le 28 novembre 2001

ACTE DE CRÉDIT 2002 DES DÉPARTEMENTS DU COMMERCE, DE LA JUSTICE ET D'ÉTAT, DE LA MAGISTRATURE ET DES AGENCES CONNEXES

Un acte autorisant l'octroi d'un crédit aux départements du Commerce, de la Justice et d'État, à la Magistrature et aux agences connexes au cours de l'exercice fiscal se clôturant le 30 septembre 2002 et à d'autres fins.

\*   \*   \*

<< 28 USCA alinéa 1605 >>

(c) Amender 28 U. S. C. section 1605(a)(7)(A) en insérant à la fin, avant le point virgule, ce qui suit : « ou l'acte est lié au numéro de Cas 1:00CV3110(ESG) à la Cour de District (tribunal fédéral de première instance) des États-Unis d'Amérique pour le District de Columbia ».

PL 107-117, le 10 janvier 2002, 115 Stat 2230

**DROIT PUBLIC DES ÉTATS-UNIS**
107ème congrès – Première séance
Convocation de janvier 2001

PL 107-117 (HR 3338)
Le 10 janvier 2002

ACTE 2002 DU DÉPARTEMENT DE LA DÉFENSE ET D'OCTROI D'UN CRÉDIT SUPPLÉMENTAIRE D'URGENCE SUITE ET EN RÉPONSE AUX ATTENTATS TERRORISTES PERPÉTRÉS CONTRE LES ÉTATS-UNIS

Un acte autorisant l'octroi d'un crédit au département de la Défense au cours de l'exercice fiscal se clôturant le 30 septembre 2002 et à d'autres fins.

\* \* \*

<< 28 USCA alinéa 1605 >>

La SEC 208 section 626(c) de l'Acte de crédit 2002 des départements du Commerce, de la Justice et d'État, de la Magistrature et des agences connexes (lois publiques 107-77) est amendée en barrant « 1:00CV3110(ESG) » et en insérant « 1:00CV03110(EGS) ».

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WALKER INTERNATIONAL HOLDINGS LIMITED<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC OF THE CONGO<br><br>and<br><br>CAISSE CONGOLAISE D'AMORTISSEMENT<br><br>Defendants. | Civil Action No. 00-2987 (JR) |

AFFIDAVIT OF SYLVIE DAY

NEW YORK COUNTY        )
                       ) ss:
STATE OF NEW YORK      )

Sylvie Day, being duly sworn, deposes and says:

    1.    I am a translator fluent in the languages of English and French.

    2.    I have reviewed copies of (a) the March 15, 2002 Judgment in this matter (the "Judgment"); and (d) the Notice of Default Judgment to Caisse Congolaise D'Amortissement in this matter (the "Notice").

    3.    The Judgment and the Notice are written in English.

4. I hereby certify that attached to this affidavit are true and accurate French translations of the Judgment, *see* Ex. 1, and the Notice, *see* Ex. 2.

*[signature]*
Sylvie Day

Subscribed and sworn to before me this 22 day of March, 2002.

*[signature]*
Notary Public

PAUL D. RALSTON
Public, State of New
No. 0...
...2003

2