TRIBUNAL FEDERAL DE PREMIERE INSTANCE DES ETATS-UNIS
POUR LE DISTRICT DU DELAWARE

WALKER INTERNATIONAL HOLDINGS :
LIMITED
                                         :
            Demanderesse
                                         :
    contre                                    Affaire numéro 1:05-mc-156
                                         :
REPUBLIQUE DU CONGO, et autres,     :

            Défenderesses         :

### REQUETE DE LA DEMANDERESSE/CREANCIERE DU JUGEMENT POUR L'OBTENTION D'UN BREF DE SAISIE *FIERI FACIAS*/ORDRE AU GREFFIER

En vertu de la Règle fédérale de procédure civile 69 et de la Règle civile 4 de la Cour Supérieure, la demanderesse/créancière du jugement Walker International Holdings Limited (« Walker »), par et par l'entremise de ses avocats soussignés, demande par les présentes une ordonnance donnant instructions au greffier de ce tribunal d'émettre un bref de saisie *fieri facias* contre la tierce saisie-la société du Delaware CMS Nomeco Congo, Inc. (« CMS » ou la « tierce saisie »), conformément à l'article 1610 (c) de la loi sur l'immunité des souverains étrangers Foreign Sovereign Immunities Act (« FSIA »), article 1610(c) du 28 United States Code. Au soutien de cette requête, Walker déclare respectueusement ce qui suit :

### INTRODUCTION

1.      Il s'agit d'une procédure visant à faciliter l'exécution d'un jugement d'un montant de $26.093.251,00, auquel s'ajoutent les intérêts et les dépens, prononcé en faveur de Walker contre la République du Congo (« Congo ») et de la Caisse congolaise d'amortissement (« CCA ») (collectivement, les « défenderesses »). La partie

demanderesse tente diligemment, depuis juillet 2000, de percevoir le montant payable en vertu de ce jugement. A l'heure actuelle, Walker demande respectueusement une ordonnance, en vertu de l'article 1610(c) 28 U.S.C. de la loi FSIA, et conformément au chapitre 49 du titre 10 du Code annoté du Delaware, l'autorisant à obtenir un bref de saisie *fieri facias* (saisie-arrêt) à l'endroit de CMS.

2.  Walker est une créancière du Congo en vertu d'un jugement obtenu par reconnaissance d'une sentence arbitrale prononcée par la Chambre de Commerce Internationale (« CCI ») en 1998. Suite à une audition à laquelle le Congo a participé activement, la CCI est venue à la conclusion que le Congo était redevable à l'égard de Walker et a émis une sentence pour la somme de $26.093.251,00, à laquelle s'ajoutent les intérêts. Le 13 décembre 2000, Walker a intenté une action auprès du Tribunal fédéral de première instance des Etats-Unis pour le District de Columbia contre le Congo et CCA pour confirmer la sentence arbitrale. Ni le Congo ni CCA n'ont comparu dans cette cause. Le 15 mars 2002, le tribunal a prononcé un jugement contre le Congo et CCA pour la somme de $26.093.251,00, plus les intérêts et les dépens. Ni le Congo ni CCA n'ont pris quelque mesure que ce soit pour satisfaire ce jugement. Le jugement du Tribunal fédéral de première instance des Etats-Unis pour le District de Columbia a été enregistré devant le présent tribunal. (D.I. 1).

3.  CMS est la tierce saisie appropriée. En premier lieu, elle est une société anonyme régie par le droit du Delaware. En second lieu, en vertu d'un accord entre le Congo et CMS à titre de cessionnaire, en date du 25 mai 1979, CMS est autorisée à exploiter les réserves de pétrole du Congo en échange de l'obligation de CMS d'effectuer des paiements de redevances et autres paiements au Congo et aux personnes qui lui sont

affiliées (la « Convention »). En vertu de la Convention et en raison de l'exploitation, par CMS, des réserves de pétrole en vertu de celle-ci, CMS est devenue endettée à l'égard du Congo. La Cour d'Appel des Etats-Unis pour le Cinquième Circuit a retenu que l'obligation de CMS à l'égard du Congo est sujette à saisie aux Etats-Unis où la dette est située. *Voir Af-Cap, Inc. v. Republic of Congo et al.*, 383 F.3d 361, *modifié* 389 F.3d 503, *cert. refusé* 389 F.3d 503 (2004), *cert. refusé* 125 S.Ct. 1735 (2005).

## ARGUMENT

**I.    Les normes juridiques applicables**

4.    Un bref d'exécution est un bref visant à faire valoir un jugement par la saisie et la vente des biens du débiteur en satisfaction du jugement. En vertu du système fédéral, le créancier d'un jugement doit obtenir un bref d'exécution pour tenter de faire valoir son jugement. Règle fédérale de procédure civile 69(a) (« Sauf indications contraires de la part du tribunal, c'est par un bref d'exécution qu'une partie fera exécuter un jugement prévoyant le paiement d'une somme d'argent. »). Les procédures complémentaires à un jugement et visant à en faciliter l'exécution, y compris la saisie de biens du débiteur d'un jugement entre les mains d'un tiers, sont régies par la loi des états, en l'absence d'une loi fédérale prévalente.

> La procédure d'exécution, en complément et en exécution d'un jugement, et en vue d'en faciliter l'exécution, devra se conformer à la pratique et à la procédure de l'état dans lequel se trouve le tribunal fédéral de première instance, en vigueur au moment où ce recours est sollicité, sauf que toute loi des Etats-Unis prévaut dans la mesure où elle est applicable.

Règle fédérale de procédure civile 69(a). *Voir également LNC Invest. Inc. v. Democratic Rep. of Congo*, 69 F. Supp.2d 607, 611 (D. Del. 1999).

5. En vertu du droit du Delaware, une partie demanderesse qui détient un jugement de tout tribunal d'archives peut tenter de saisir les biens du débiteur du jugement qui sont détenus par un tiers saisi situé au Delaware.

> La partie demanderesse de tout jugement prononcé par un tribunal d'archives, ou toute personne légalement autorisée pour une telle partie demanderesse, peut faire en sorte qu'une saisie, ainsi que toute autre exécution, soit émise sur la base de ce jugement, contenant une ordonnance pour l'assignation des tiers saisis, qui doit être mise à exécution et retournée dans les cas de saisie étrangère. La condamnation à la saisie, ou le jugement sur celle-ci, pourra être soulevée en objection par le tiers saisi dans toute action intentée contre le tiers saisi à l'initiative de la partie défenderesse à la saisie.

10 *Del. C.* § 5031. Les biens sujets à la saisie comprennent « des marchandises, des possessions, des droits, des créances, des sommes d'argent, des effets, des terres et des biens immeubles » 10 *Del. C.* § 3508. *Voir également LNC Invest.*, 69 F. Supp.2d à 611 ; *Wilmington Trust Company v. Barron*, 470 A.2d 257, 262-63 (Del. 1983) ; *McNeilly v. Furman*, 95 A.2d 267, 270-71 (Del. 1953) (jugeant que les biens sujets à la saisie-arrêt comprennent les dettes du tiers saisi au débiteur du jugement). Les sociétés anonymes sont sujettes à saisie. 10 *Del. C.* §§ 3502 (prévoyant que les sociétés anonymes sont sujettes à saisie et saisie-arrêt).

6. Au Delaware, la forme appropriée de saisie des biens d'un débiteur entre les mains d'un tiers consiste en un bref de saisie-arrêt *fieri facias*. *LNC Invest.*, 69 F. Supp. 2d à 611 ; *Wilmington Trust*, 470 A.2d à 262.

> Lorsque les biens saisis ne doivent pas être physiquement saisis, mais qu'ils sont en la possession ou le contrôle d'un autre, ou si le bien à saisir n'est pas de nature physiquement saisissable, tel que des droits et des créances, le shérif doit assigner la personne détenant les marchandises, les possessions, les droits, les créances, les sommes d'argent ou les effets du défendeur en sa possession, qui est dénommée le tiers saisi, à comparaître devant le tribunal auprès duquel le bref doit être retourné, et déclarer quels biens du défendeur elle a entre ses mains. Il convient de

4

remarquer que le bref de saisie fi. fa. n'est pas signifié au défendeur mais au tiers saisi.

*Wilmington Trust*, 470 A.2d à 263.

## II. L'ÉMISSION D'UN BREF DE SAISIE *FIERI FACIAS* EST AUTORISÉE PAR LA LOI FSIA

7. La loi FSIA s'applique à la requête de Walker en vertu de la Règle fédérale de procédure civile 69. Le Congrès voulait ainsi que la loi FSIA « offre au créancier d'un jugement un certain recours si, après un délai raisonnable, un état étranger ou son entreprise omettait de se conformer à un jugement définitif ». H.R. Rep. No. 94-1487, à 8 (1976) U.S.C.C.A.N. 6604, 6606. La loi FSIA prévoit, plus particulièrement, qu'un tribunal doit diriger l'émission de brefs d'exécution contre un souverain étranger. Avant de tenter de signifier un bref de saisie en vue de l'exécution d'un jugement contre un état étranger, le créancier d'un jugement doit d'abord tenter d'obtenir, d'un tribunal, une détermination « qu'un délai raisonnable s'est écoulé depuis le prononcé du jugement et la transmission de tout avis prévu par l'article 1608(e) du présent chapitre ». Article 1610(c) du 28 United States Code. L'article 1608(c) prévoit que, lorsqu'un tribunal prononce un jugement par défaut contre un état étranger, le créancier du jugement doit signifier une copie du jugement par défaut à l'état étranger de la manière prescrite par l'article 1608. Walker a donc droit à l'émission d'un bref de saisie-arrêt si (i) elle a signifié un avis du jugement par défaut de la manière prescrite par l'article 1608 ; et (ii) un délai raisonnable s'est écoulé depuis la signification de l'avis du jugement par défaut. Les deux exigences sont satisfaites dans le cas présent.

8. En premier lieu, Walker a signifié le jugement par défaut au Congo de la manière prescrite par l'article 1608. Cet article prévoit que la signification d'une

assignation et d'une plainte (ainsi que d'un jugement par défaut) à un état étranger peut se faire de quatre moyens différents. Une partie demanderesse peut effectuer la signification : (i) « conformément à un accord spécial de signification » ; ou (ii) « en l'absence d'accord spécial... conformément à une convention internationale applicable régissant la signification » ; ou (iii) « si la signification ne peut être effectuée en vertu des alinéas (1) ou (2), par envoi d'une copie de l'assignation et de la plainte et d'un avis de poursuites judiciaires, chaque document étant accompagné de sa traduction dans la langue officielle de l'état étranger, par toute forme de courrier nécessitant un reçu signé, le tout devant être adressé et envoyé par le greffier du tribunal au chef du ministère des affaires étrangères de l'état étranger concerné » ; ou (iv) « si la signification ne peut être effectuée dans les 30 jours en vertu de l'alinéa (3) » en effectuant la signification par l'intermédiaire du Département d'Etat. Article 1608(a)(1)-(4) du 28 United States Code.

9.      Vu l'absence d'un accord spécial de signification d'actes judiciaires entre Walker et le Congo, et l'absence d'une convention internationale applicable régissant la signification, Walker a d'abord tenté d'effectuer la signification au Congo en vertu de l'article 1608(a)(3). Le 11 avril 2002, le greffier du Tribunal fédéral de première instance des Etats-Unis pour le District de Columbia (le « greffier ») a fait parvenir des copies du jugement par défaut et de l'avis de défaut, ainsi qu'une traduction française de chaque document par courrier recommandé, avec demande d'accusé de réception, au chef du ministère des affaires étrangères du Congo. Plus de trente jours se sont écoulés sans que Walker ne reçoive une confirmation de la signification. Le 11 juin 2002, Walker a entrepris d'effectuer la signification au Congo en vertu de l'article 1608(a)(4). A la demande de Walker, le greffier a mis à la poste des copies du jugement par défaut et de

l'avis du jugement par défaut, accompagnées de traductions de chacun de ces documents au Département d'Etat. Le 23 août 2002, un avis du jugement par défaut a été signifié au Congo par voie diplomatique. *Voir* Pièces ___ à ___ des présentes.

10. En second lieu, un délai raisonnable s'est écoulé depuis que Walker a signifié l'avis du jugement par défaut. Pour déterminer si un délai raisonnable s'est écoulé, un tribunal doit examiner si l'état étranger a pris quelque mesure que ce soit pour se conformer au jugement. *Voir* H.R. Rep. No. 94-1487, à 30, *reproduit* dans 1976 U.S.C.C.A.N. à 6629. Après qu'un peu moins d'un an se soit écoulé depuis la signification au Congo le 23 août 2002 sans que le Congo ne prenne quelque mesure que ce soit pour se conformer au jugement, Walker a d'abord tenté d'obtenir des brefs de saisie et de saisie-arrêt devant les tribunaux fédéraux du Texas. *Voir Walker International Holdings Limited v. Republic of the Congo and Caisse Congolaise D'Amortissement*, affaire civile nº MC-03-299 (district sud du Texas, le 11 août 2003). En outre, plusieurs années se sont écoulées depuis la sentence arbitrale sous-jacente, et le Congo a refusé de faire quelque paiement que ce soit. L'attente de plus de onze mois avant d'entreprendre des moyens d'exécution constitue un délai raisonnable. *Voir ainsi Ned Chartering & Trading, Inc. v. Republic of Pakistan*, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (six semaines) ; *Richmark Corp. v. Timber Falling Consultants*, 1990 WL 84598, *2 (D. Or. 31 mai 1990) (trente jours) ; *Gadsby & Hannah v. Socialist Republic of Romania*, 698 F. Supp. 483, 486 (district sud de New York 1988) (deux mois et plus) ; *Ferrostaal Metals Corp. v. S.S. Lash Pacifico*, 652 F. Supp. 420 (district sud de New York 1987) (trois mois). Les efforts continus de Walker pour percevoir la somme d'argent payable en

vertu de son jugement l'amènent maintenant au Delaware, état de constitution de la tierce saisie.

11.   En vertu du droit du Delaware, le protonotaire de la Cour Supérieure peut émettre un bref de saisie *fieri facias*. *Voir* Règle civile 4(a) de la Cour Supérieure (ordonnant au protonotaire d'émettre des brefs d'exécution qui sont signifiés par le shérif).[1] La loi FSIA oblige le créancier d'un jugement à donner avis du jugement par défaut (ce que Walker a fait), mais elle n'oblige pas le créancier du jugement à aviser le débiteur du jugement qu'il recherche une saisie-exécution. Article 1610(c) du 28 United States Code. Sur ce point, l'arrêt *Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 313 F.3d 70 (2$^e$ Circuit 2002), *cert. refusé* 539 U.S. 904 (2003) est instructif. Dans cette affaire, la demanderesse a confirmé une sentence arbitrale contre une instrumentalité souveraine devant le Tribunal fédéral de première instance des Etats-Unis pour le district sud de New York. *Id.* à 77. La demanderesse a alors enregistré le jugement devant le Tribunal fédéral de première instance des Etats-Unis pour le district sud de New York. *Id.* Le même jour, le district sud de New York a émis, ex parte, un bref d'exécution et des avis restrictifs en vertu du droit de l'état que la demanderesse a signifiés à différentes banques détenant des comptes du débiteur du jugement. *Id.* à 77-78. Le Second Circuit a confirmé. En outre, Walker signifiera la présente requête en anglais aussi bien qu'en français au Congo. Par conséquent, ce tribunal devrait ordonner au greffier d'émettre un bref de saisie *fieri facias* (saisie-arrêt) à l'endroit de CMS.[2]

## CONCLUSION

---

[1] De manière similaire, le Marshall des Etats-Unis devrait effectuer la signification de brefs de saisie-exécution dans une action fédérale comme la présente.
[2] Un bref de saisie-arrêt proposé est déposé concurremment avec la présente requête.

Pour tous les motifs susvisés, Walker demande respectueusement à ce tribunal de prononcer une ordonnance en vertu de l'article 1610(c) du 28 United States Code, sous une forme essentiellement similaire à celle jointe aux présentes, donnant au greffier instructions d'émettre un bref de saisie *fieri facias* (saisie-arrêt) à l'endroit de CMS.

| | |
|---|---|
| **GREENBERG TRAURIG LLP**<br>Sanford M. Saunders, Jr.<br>Kenneth P. Kaplan<br>800 Connecticut Avenue, N.W.<br>Suite 500<br>Washington, DC 200006<br>(202) 331-3100<br><br>*Avocats de Walker International Holdings Limited*<br><br>Date : ___ août 2005 | **GREENBERG TRAURIG LLP**<br><br>Paul D. Brown (No. 3903)<br>Joseph B. Cicero (No. 4388)<br>The Brandywine Building<br>1000 West Street, Suite 1540<br>Wilmington, DE 19801<br>(302) 661-7000<br><br>*Avocats de Walker International Holdings Limited* |

DEL-FS1\147902v02