IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALKER INTERNATIONAL HOLDINGS LIMITED, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )     Civil Action No. 05-MC-00156 |
| REPUBLIC OF THE CONGO, | )<br>)<br>) |
| Defendant. | ) |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO
MOTION FOR ISSUANCE OF WRIT OF ATTACHMENT *FIERI FACIAS***

CMS Nomeco Congo Inc. (now known as CMS Nomeco Congo LLC) ("CMS Nomeco"), files this motion for extension of time to respond to Plaintiff's motion for issuance of writ of attachment *fieri facias* that was filed on September 1, 2005 ("the September 1 Motion").

1. Plaintiff Walker International Holdings Ltd. ("Walker") has sued CMS Nomeco (along with another judgment creditor of the Congo, Af-Cap, Inc.("Af-Cap")) in a separate action in the Court of Chancery of Delaware in and for New Castle County, Case No. 1488-N, seeking to recover damages and other relief in connection with turnover orders issued by the United States District Court for the Western District of Texas against The Republic of Congo ("the Congo") relating to in-kind oil royalties of The Republic of Congo under a Convention agreement pursuant to which CMS Nomeco is the operator and working interest owner. Walker, Af-Cap, and other judgment creditors of the Congo have sought and continue to seek to execute on the Congo's royalties in an effort to satisfy their judgments against the Congo.

2. A true and correct copy of the Answer filed by CMS Nomeco in the Chancery Court action (without exhibits), which describes the relevant facts in detail, is attached hereto as Exhibit A. As shown by the Answer, the United States District Court for the Southern

District of Texas determined in February 2005 that writs of garnishment obtained by Af-Cap, Walker's co-plaintiff in the Chancery Court action, were not authorized by Texas garnishment law. On August 17, 2005, the United States District Court for the Western District of Texas denied Af-Cap's request for new writs of garnishment. A copy of that Order is attached as Exhibit B.

   3. As shown by the Answer attached as Exhibit A, CMS Nomeco has been subjected to orders by a court in the Congo requiring it to deliver oil in Congolese waters pursuant to the terms of the Convention, notwithstanding proceedings filed by judgment creditors of the Congo in the United States seeking garnishment writs and turnover orders with regard to the royalty under the Convention. As this Court has previously held, writs of garnishment are not enforceable against a garnishee with regard to a debt payable in another country where compliance with the writs would likely provide no defense to payment of the debt in the other country. *LNC Investments, Inc. v. The Republic of Nicaragua*, No. 01-134-JJF (D. Del. December 18, 2002) (Farnan, J.).

   4. Walker failed to disclose the facts described above, and many of the other facts described in the Answer attached as Exhibit A, in its September 1 Motion. Walker also failed to address in its September 1 Motion the requirement that before a writ of attachment may issue with regard to property of a foreign state, the Court must determine whether an exception to immunity under the Foreign Sovereign Immunities Act applies to the property of the foreign state that the judgment creditor seeks to attach. *See Connecticut Bank of Commerce v. Republic of Congo*, 309 F.3d 240, 247 (5th Cir. 2002). Walker also neglected to send a copy of its September 1 Motion or any other papers filed in this case to counsel for CMS Nomeco in the

related Delaware Chancery Court action, instead delivering copies only to CMS Nomeco's registered agent for service in Delaware.

5. CMS Nomeco's offices are located in Paris, England, and the Congo, not Delaware. Counsel for CMS Nomeco first learned of the September 1 Motion during the week of September 12, 2005, only days before the response to the September 1, 2005 Motion was due under the local rules. Counsel for CMS Nomeco sought an extension of time to respond to the September 1, 2005 Motion, to and including September 30, 2005, but Walker has refused to agree to an extension.

6. This is not an expedited case; CMS Nomeco does not have assets in Delaware; and there is no reason for Walker to have refused CMS Nomeco's request for a short extension. Moreover, such refusal is inconsistent with the traditional, and admirable, practice that prevails in this jurisdiction.

6. As shown by the Answer filed in the Chancery Court action, the facts and legal issues surrounding Walker's (and other judgment creditors') efforts to execute on the Congo's royalty are complex, and CMS Nomeco respectfully requests a two-week extension of time, to and including September 30, 2005, to present a full and complete response to the September 1, 2005 Motion.

|  |  |
|---|---|
| OF COUNSEL: | /s/ James C. Carignan |
|  | M. Duncan Grant (Del. Bar No. 2994) |
| Guy S. Lipe | James C. Carignan (Del. Bar No. 4230 |
| VINSON & ELKINS L.L.P. | PEPPER HAMILTON |
| First City Tower | Hercules Plaza, Suite 5100 |
| 1001 Fannin Street, Suite 2300 | 1313 N. Market Street, P.O. Box 1709 |
| Houston, TX 77002-6760 | Wilmington, DE 19899-1709 |
| (713) 758-2222 | (302) 777-6500 |

Dated: September 16, 2005