UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

WALKER INTERNATIONAL HOLDINGS :
LIMITED
                                        :
          Plaintiff
                                        :
     v.                                    Case Number 1:05-mc-156 (SLR)
                                        :
REPUBLIC OF THE CONGO, et al.,          :
          Defendants                    :

**PLAINTIFF'S OPPOSITION TO CMS NOMECO CONGO, INC.'S
MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION
FOR ISSUANCE OF WRIT OF ATTACHMENT *FIERI FACIAS***

Plaintiff, Walker International Holdings, Limited ("Walker" or "Plaintiff") submits this opposition to CMS Nomeco Congo, Inc.'s (n/k/a CMS Nomeco Congo LLC)[1] ("CMS") Motion for Extension of Time to Respond to Motion for Issuance of Writ of Attachment *Fieri Facias* and shows as follows:

1.     CMS' Motion for Extension of Time to Respond to Motion for Issuance of Writ of Attachment *Fieri Facias* (the "Extension Motion") should be denied on the ground that CMS lacks standing to oppose the entry of a writ of attachment *fieri facias* (the "Writ of Garnishment") against property belonging to Walker's judgment debtors, the Republic of Congo ("Congo") and Caisee Congolaise D'Amortissement ("CCA" together with Congo, the "Judgment Debtors"). While CMS may have standing to argue that the property subject to the Writ of Garnishment is neither owned by nor pledged to

---

[1] CMS was formerly known as CMS Nomeco Congo Inc. and was organized as a Delaware corporation. On August 10, 2005 converted to a Delaware Limited Liability Company.

the Judgment Debtors, it lacks Article III or representational standing to argue that the issuance of the Writ of Garnishment is inappropriate.

2. Under Delaware law, the issuance of a writ of attachment is typically an *ex parte* proceeding. *See* Fed. R. Civ. P. 69 (a); Del. Super. Ct. Civ. R. 4; Ch. 49 of Title 10 of Delaware Code. Specifically, the Prothonotary of the Superior Court, without hearing from the garnishee, issues such writs. *See e.g., Kingsland Holdings Inc. v. Bracco*, 1996 WL 104257, at *3 (Del. Ch.) (noting that Delaware Superior Court issued *ex parte* writ of attachment, which garnishees then moved to vacate at post-attachment hearing); *see also* Del. Super. Ct. Civ. R. 4(a) (directing Prothonotary to issue writs in aid of execution, which are served by the sheriff). Similarly, under Delaware law, there is no requirement that a judgment creditor give notice to a prospective garnishee that it is seeking a writ of attachment. Thus, this Court can issue the Writ of Garnishment without hearing CMS' response to Plaintiff's Motion for Writ of Attachment *Fieri Facias* (the "Writ Motion").

3. Nevertheless, CMS argues that Walker did not provide it adequate notice of the filing even though it admits that Walker served CMS' registered agent. (*See* CMS Mot at 2, ¶ 4; 3, ¶ 5). The instant case is a new enforcement action under Rule 69 of the Federal Rules of Civil Procedure aimed at garnishing assets belonging to Congo and held by CMS. Accordingly, Walker served CMS' registered agent with its initial pleading. Despite admitting that Walker served it, CMS argues that Walker should have served its Delaware counsel, who is representing it in a different action brought by Walker and another creditor in the Court of Chancery. (*See* CMS Mot. at 3, ¶ 5). CMS ignores that it is a Delaware entity and can be served via its registered agent. Additionally, CMS'

service arguments are inconsequential to whether the Court should issue the Writ of Garnishment because a prospective garnishee is not entitled to oppose a judgment creditors' writ application. (*See* supra at ¶ 2). However, since CMS' counsel now acknowledges that it is authorized to receive process on behalf of its client in this action and the Court of Chancery action, Walker will serve CMS' Delaware counsel with the Writ of Garnishment upon issuance. (*See* CMS Mot. at 2, ¶ 4).

4. CMS' Extension Motion should also be denied on the grounds that, even if CMS had standing to contest Walker's request, CMS and Congo have litigated all of the issues concerning the garnishment and lost. In particular, it is settled law that Congo has waived its sovereign immunity for purposes of execution and agreed to execution upon the asset over which Walker seeks to obtain the Writ of Garnishment. *See Walker Int'l. Holdings, Ltd. v. Republic of Congo*, 395 F.3d 229, 234-235 (5th Cir. 2004); *see also Af-Cap v. Republic of Congo et al.*, 383 F.3d 361 *modified* 389 F.3d 503 (2004) *cert. denied* 125 S.Ct 1735 (2005). Thus, neither Congo nor their garnishee (CMS) can raise any valid objection to the issuance of the Writ of Garnishment and, accordingly, CMS does not need an extension to respond to the Writ Motion because no defenses are available. *See e.g. Wilmington Trust Company v. Barron*, 470 A.2d 257, 263 (Del. 1983) (citing 2 V. Woolley Practice in Civil Actions and Proceedings in the Law Courts of the State of Delaware at § 1162 (1906)) (noting that garnishee can only raise those defenses available to a judgment debtor).

5. CMS' Extension Motion is a premature attack on Walker's Writ of Garnishment designed to delay these proceedings. CMS has been litigating these issues

against Walker and other creditors in multiple federal courts, including Congo and CMS' joint *certiorari* petition to the United States Supreme Court, for more than four years. Even if CMS was entitled to respond, it would not need extra time because the issues raised by Walker's Writ Motion are not new and CMS has fully briefed the issues in other proceedings. In contrast, Walker needs the Court to issue the Writ of Garnishment because Congo and CMS continually look for ways to avoid jurisdiction and garnishment of the asset that the Fifth Circuit has held is subject to garnishment, and over which Walker seeks a Writ of Garnishment here. Indeed, a United States Federal Judge in the Southern District of Texas has already found that one of CMS' corporate machinations constitutes a fraudulent transfer. (*See* Ex. A attached hereto). If the Court allows CMS to delay the issuance of the Writ of Garnishment, then Walker could be harmed either by CMS devising other schemes to avoid jurisdiction or garnishment or by other creditors of Congo obtaining writs of garnishment and priority over Walker's execution. For example, CMS' recent conversion to a Delaware Limited Liability Company may be an effort designed to evade liability. Finally, to the extent that CMS raises substantive arguments in its Extension Motion, Walker reserves its right to respond to those arguments at the appropriate time after the Court issues the Writ of Garnishment.

6.      For the foregoing reasons, Walker respectfully requests that this Court deny CMS' Extension Motion.

| | |
|---|---|
| **GREENBERG TRAURIG LLP** | **GREENBERG TRAURIG LLP** |
| Sanford M. Saunders, Jr. | |
| Kenneth P. Kaplan | _____ |
| 800 Connecticut Avenue, N.W. | Paul D. Brown (No. 3903) |
| Suite 500 | Joseph B. Cicero (No. 4388) |
| Washington, DC 200006 | The Brandywine Building |
| (202) 331-3100 | 1000 West Street, Suite 1540 |
| | Wilmington, DE 19801 |
| | (302) 661-7000 |
| | |
| *Attorneys for Walker International Holdings Limited* | *Attorneys for Walker International Holdings Limited* |

Dated: September 21, 2005