# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FG HEMISPHERE ASSOCIATES, L.L.C. § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | |
| § | | |
| REPUBLIQUE DU CONGO § | | CIVIL ACTION No. H-02- |
| Defendant, § | | 4261 |
| and § | | |
| § | | |
| CMS OIL AND GAS COMPANY, et. al., § | | |
| § | | FILED UNDER SEAL |
| Putative Garnishees. § | | |

### DECLARATION OF MARYSE BERNARD

I, Maryse Bernard, declare:

1. My name is Maryse Bernard. I am President of CMS Nomeco Congo Inc. I have personal knowledge concerning the facts set out in this declaration.

2. Following the issue of writs of garnishment against CMS Nomeco Congo Inc., The Nuevo Congo Company, and Nuevo Congo Ltd. in this and other cases, I informed the Ministry of Hydrocarbons of The Republic of Congo and the Congo's state-owned oil company, SNPC, that CMS Nomeco Congo Inc., as operator, would not deliver oil to SNPC or the Congo in connection with the lifting of oil by SNPC that was scheduled to take place during the week of December 27, 2004. On December 28, 2004, a Court sitting in Point Noire, the Congo, upon applications by the Congo and SNPC, entered two orders requiring that CMS Nomeco Congo Inc., as operator of the Marine 1 permit, deliver oil to SNPC. True and correct copies of the two Congo court orders, together with certified translations thereof, are attached hereto as Exhibits 1 and 2 ("the Congo Court Orders"). The oil that the Congolese Court required that CMS Nomeco Congo Inc. deliver to SNPC included the Congo's royalty oil that is the subject of the royalty obligation of CMS Nomeco Congo Inc., The Nuevo Congo Company, and Nuevo Congo Ltd., and SNPC's working interest oil. The Congo Court Orders authorized law enforcement agencies of the Congo to enforce the Congo Court Orders in the event of non-compliance. I was in Brazzaville, Congo on December 28, 2004; I was initially informed of the Congo Court Orders by Benoît de la Fouchardière, our operations manager in Pointe Noire, Congo. Thereafter, the Director General of the Ministry of Hydrocarbons of the Congo, who

**EXHIBIT J**

was accompanied by an officer of the national police, showed me copies of the Congo Court Orders and informed that public force would be used if the lifting of oil by SNPC was not allowed to take place. I was additionally informed that unless this lifting was completed I would be detained and not allowed to leave the Congo because we were committing a criminal act. Under compulsion of the Congo Court Orders and those threats, I authorized CMS Nomeco Congo Inc.'s operations manager in Point Noire, Congo to give instructions to permit the lifting of oil by SNPC of 550,000 barrels, being the quantity referred to in the Congo Court Orders. On several occasions during the course of the lifting, SNPC stated that they wished to increase the delivery to 600,000 Barrels. This was refused by me. In practice, SNPC took a lifting of 550,032 barrels of oil, which included SNPC working interest oil as well as the Congo's royalty oil that is the subject of the royalty obligation of CMS Nomeco Congo Inc., The Nuevo Congo Company, and Nuevo Congo Ltd.

3.  I went to the Congo in late December 2004 because of the tension that existed between the Congolese government officials and SNPC officials, on the one hand, and, on the other hand, CMS Nomeco Congo Inc. and the other working interest owners, arising out of the issuance of writs of garnishment in the United States and the correspondence exchanged in November 2004 (in which the Congo threatened termination of the Convention in the event delivery of oil was withheld based on the writs of garnishment in the U.S.), and to engage in discussions with representatives of the Congo and SNPC concerning the inability of the working interest owners to deliver oil in connection with the scheduled lifting during the week of December 27 in light of the writs of garnishment. I was accompanied by Jean Michel Runacher, the President of Congorep, a CMS Nomeco Congo Inc. affiliate, who was attending a Board Meeting of Congorep on December 29, 2004. I believed that it was important for me to engage in face-to-face discussions with representatives of the Ministry of Hydrocarbons and of SNPC in order to explain that we had to comply with the writs of garnishment issued by the courts in the U.S. but that, as we were entirely innocent bystanders caught up in this dispute between the Congo and garnishors, we should not suffer a termination of the Convention by virtue of the non-delivery of oil.

4.  I was not aware that the Congo and SNPC were planning to obtain Congolese court orders in connection with the December 2004 oil lifting until the afternoon of December 28, 2004, when I learned from Benoit de la Fouchardière that he was being required to appear before a judge in Point Noire in connection with court proceedings filed by the Congo and SNPC. CMS Nomeco Congo Inc. was not consulted or contacted by SNPC or the Congo concerning Congo court proceedings prior to that time, and FG Hemisphere's allegation that there was "collusion" with regard to the events of December 28 is false.

5. I declare under penalty of perjury, under the laws of the United States of America, that the foregoing statements are true and correct.

EXECUTED on the 10th day of February, 2005, in Paris, France.

_____
Maryse Bernard

2066220.1

3

REPERTOIRE N° 1131 /
DU 28 DECEMBRE 2004.-

RÉPUBLIQUE DU CONGO
AU NOM DU PEUPLE CONGOLAIS
— ORDONNANCE —



AFFAIRE :

RÉPUBLIQUE DU CONGO
MINISTÈRE DES HYDROCARBURES, Département du
KOUILOU (Me MISSIE)

CONTRE :

CMS NOMECO INC CONGO

OBJET : RÉFÉRÉ D'HEURE A HEURE

L'AN DEUX MIL QUATRE ;

ET, LE VINGT HUIT DU MOIS DE DÉCEMBRE ;

PAR DEVANT NOUS, Norbert ELENGA, Président du Tribunal de Grande Instance de Pointe-Noire, tenant audience publique des référés en notre Cabinet sis au Palais de Justice de cette ville ;

A COMPARU



Le République du Congo, Ministère des Hydrocarbures agissant aux dilligences de son représentant légal ;

Qu'elle a été saisie par les créanciers américain de l'État Congolais, la société NOMECO qui devait lui livrer une cargaison de 550.000 barils de pétrole, refuse de s'exécuter au motif que cette cargaison fait l'objet d'une saisie suivant la décision du Tribunal de l'État de Texas du 17 Septembre 2004, rendant possible la saisie attributive de la dite cargaison ;

Or une décision de justice rendue par une juridiction étrangère, même en présence de la renonciation par le débiteur de son immunité de juridiction et d'exécution ne peut pas s'exécuter de plein droit en territoire étranger qu'elle doit, pour recevoir exécution, être soumise à la procédure d'exéquaturée telle que prévue par l'article 299 du code de procédure civile, commerciale administrative et financière selon lequel : "Sauf conventions diplomatiques contraires, les jugements rendus par les tribunaux étrangers et les actes par les officiers publics ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurais été compétente "ratione matériae" pour en connaitre ;

Qu'en l'espèce et sans qu'il soit nécessaire de débattre du bien fondé ou on de l'action en saisie des créanciers d'origine américaine, il y a lieu de relever que la décision sur laquelle se fonde la société NOMECO n'a jamais été exéquaturée et pire, les tribunaux congolais ne sont pas encore saisis d'une demande en ce sens ;

Qu'il convient donc, la question de l'enlèvement de la cargaison detenue par NOMECO étant urgente et comportant un péril certain, d'ordonner sur minute que la NOMECO livre à tout opérateur que lui désignera la SNPC ladite cargaison ;

…/…

**EXHIBIT 1**

SUR QUOI, NOUS JUGE DES REFERES

Attendu qu'il resulte de l'examen des pièces du dossier que la société NOMECO a fait application d'un jugement américain rendu dans l'Etat du Texas en date du 17 Septembre 2004 à l'encontre de l'Etat Congolais ;

Attendu que ledit jugement n'a jamais été exéquaturé par les juridictions congolaises ;

Que dans ces conditions, ledit jugement ne satisfait aux dispositions légales notamment l'article 299 du code de procédure civile, commerciale, administrative et financière Congolais qui dispose que "sauf conventions diplomatiques contraires, les jugements rendus par les Tribunaux étrangers et les actes reçus par les officiers publics ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurait été compétente "ratione materiae" pour en connaître ;

Attendu dès lors que la requête de l'Etat Congolais est donc regulière et recevable en outre de l'article 207 du code de procédure civile, commerciale, administrative et financière ;

Attendu au fond qu'elle est fondée ;

Qu'il y a lieu d'y faire droit ;

Qu'il échet d'ordonner à la société NOMECO à livrer sans delai à tout opérateur que lui designera la SNPC toutes les quantités d'hydrocarbures lui appartenant et detenue par elle en vertu de leur contrat de partenariat ;

Attendu que la société NOMECO regulièrement convoquée a comparu par le biais du représentant du Directeur Général, Monsieur Benoît DE LA FOUCHARDIERE, Directeur des opérations ;

Qu'il y a lieu de lui donner acte ;

Attendu que la société NOMECO a succombé au procès ;

Qu'il y a lieu de mettre les dépens à sa charge conformément à l'article 57 du code de procédure civile, commerciale administrative et financière ;

PAR CES MOTIFS

Statuant publiquement, contradictoirement, en référé en matière civile, en premier ressort ;

AU PRINCIPAL

Renvoyons les parties à mieux se pourvoir ainsi qu'elles en aviseront ;

MAIS DES A PRESENT, VU L'URGENCE ET PAR PROVISION

Constatons que le jugement du 17 Septembre 2004 n'est pas été encore exéquaturé par les juridictions congolaises ;

Constatons que ledit jugement n'a jamais été signifié à l'Etat Congolais ;

.../...

EN CONSEQUENCE ;

Ordonnons à la société NCNSCO de livrer sans delais tout opérateur que lui designera la SNPC, toutes les quantités d'hydrocarbures lui appartenant et detenue par elle en vertu de leur contrat de partenariat ;

Ordonnons l'exécution provisoire de la présente ordnance nonobstant toutes voies de recours ;

Mettons les dépens à la charge de la Société NCNSCO

Et, avons signé notre Ordonnance aec le Greffier./-



Suivent les signatures ci-dessus du Président et du Greffier
Suit la Mention d'Enregistrement
Enregistré à POINTE-NOIRE le 28 Décembre 200C
Pour expédition conforme, certifiée conforme
POINTE-NOIRE le 28 Décembre 2004

Le Greffier en Chef

En conséquence : la République du Congo mande et ordonne à tous huissiers sur ce requis de mettre ledit jugement à exécution aux Procureurs Généraux et aux Procureurs de la République Près les Cours et Tribunaux de Grande Instance d'y tenir la main à tous Commandants et officiers de la force publique de prêter main forte lorsqu'ils en seront légalement requis

En foi de quoi la présente expédition a été signée et scellée par Monsieur le Greffier en chef du tribunal de Grande instance de POINTE-NOIRE et par lui délivrée sous forme de grosse

Par le Tribunal
Collationné
Le Greffier · Chef

Me R. XOUD-OKOUO
Greffier en Chef

# Certification of Translation

*ATA Certified*
*Steven Sachs*

This is to certify that the following document:

Court Order in the matter of Republic of the Congo v. CMS NOMECO INC. CONGO

is an accurate and true translation prepared by the undersigned from French into English. I am a translator certified by the American Translators Association for translation from French into English.

_____
Steven Sachs
1312 Harbor Road
Annapolis, MD 21403

e-mail: steven@stevensachs.com
Ph: (301) 261-1016
Fax: (509) 461-9020

1-10-05
Date

Subscribed and sworn before me on this 10th day of January of 2005

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 9/8/2008

# EXECUTION COPY

### REPUBLIC OF THE CONGO ON BEHALF OF THE CONGOLESE PEOPLE

REGISTER No. 1131 /
OF DECEMBER 28, 2004                               O R D E R

### IN THE MATTER OF:

THE REPUBLIC OF THE CONGO

MINISTRY OF HYDROCARBONS, Department of Kouilou (Mr. Messie, Attorney)

### VERSUS:

CMS NOMECO INC. CONGO

### SUBJECT: IMMEDIATE SUMMONS

| [stamp: EXECUTION COPY Certified True Copy Joachim Mitolo, Attorney at Law B.P. 1384 [Tel. 94 83 28] | [stamp: EXECUTION COPY Certified True Copy Joachim Mitolo, Attorney at Law B.P. [Tel. 94 83 28] [signature] |
|---|---|

IN THE YEAR TWO THOUSAND AND FOUR:

AND ON THE TWENTY-EIGHTH DAY OF THE MONTH OF DECEMBER;

BEFORE US, Norbert Elanga, Presiding Judge of the Pointe-Noire Court of First Instance, holding an urgent public hearing in our Chambers in the Courthouse of said city;

### THE FOLLOWING APPEARED

The Republic of the Congo, Ministry of Hydrocarbons, filing through its legal representative;

Whereas it has been garnished by the American obligees of the Congolese State, NOMECO, which was to deliver to it a cargo of 550,000 barrels of oil, and refuses to do so on the grounds that said cargo has been garnished based on the decision of the Court of the State of Texas of September 17, 2004, making possible the garnishment of said cargo;

[stamp: EXECUTION COPY]    [illegible signature]
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28] [signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

Yet a court decision handed down by a foreign jurisdiction, even when the obligor renounced its immunity from jurisdiction and execution, cannot be automatically executed abroad and that, to be executed, it is necessarily subject to an execution procedure as stipulated by Article 299 of the Code of Civil, Commercial, Administrative and Financial Procedure, according to which: "Unless there are diplomatic conventions that stipulate otherwise, judgments handed down by foreign courts and official instruments by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that has *ratione materiae* jurisdiction to take cognizance thereof;"

That in this case and with no necessity of debating the merits or the lack thereof of the action to garnish by the U.S. obligees, there is reason to find that the decision that NOMECO is using as a basis has never been executed. Worse, the Congolese courts have not yet received an application for authority to enforce this judgment;

That therefore, the matter of removing the cargo in the possession of NOMECO is urgent and entails a certain peril, so that it should be made enforceable immediately that NOMECO delivers said cargo to any operator that the SNPC [Société nationale des pétroles du Congo – Congo National Petroleum Company] may designate;

## BASED UPON WHICH, WE, THE JUDGE FOR URGENT MATTERS

Whereas the examination of the exhibits in the file shows that NOMECO has applied a U.S. judgment handed down in the State of Texas on September 17, 2004 against the Congolese State;

Whereas said judgment has never been executed by the Congolese jurisdictions;

That under these conditions, said judgment does not satisfy the statutory provisions of Article 299 in particular of the Congolese Code of Civil, Commercial, Administrative and Financial Procedure, which stipulates that "unless there are diplomatic conventions that stipulate otherwise, the judgments handed down by foreign courts and instruments received by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that was given *ratione materiae* jurisdiction to take cognizance of the matter;

Whereas since the application of the Congolese State is thus in order and admissible under Article 207 of the Code of Civil, Commercial, Administrative and Financial Procedure;

Whereas it has merit in terms of the substance;

Republic of the Congo 1                    2

[stamp: EXECUTION COPY  
Certified True Copy  
Joachim Mitolo, Attorney at Law  
B.P. 1384 [Tel. 94 83 28] [signature]

[illegible signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

That there is reason to accept it;

That NOMECO is ordered to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and that are in NOMECO's possession pursuant to their partnership contract;

Whereas NOMECO, duly convened, has appeared through the representative of the Director General, Mr. Benoît de la Fouchardière, Operations Manager;

It is to be officially recorded;

Whereas NOMECO has lost the case;

That there is reason to hold NOMECO responsible for the costs in accordance with Article 57 of the Code of Civil, Commercial, Administrative and Financial Procedure;

## NOW THEREFORE

Ruling in public based on the arguments of both parties on an urgent basis in a civil matter in the first instance;

## ON THE MERITS

We refer the parties to enter an appeal as they shall advise;

## BUT AT THIS TIME, GIVEN THE URGENCY AND BY WAY OF ADVANCE

We find that the judgment of September 17, 2004 No.     has not yet been confirmed by the Congolese jurisdictions;

We find that said judgment has never been served upon the Congolese State;

CONSEQUENTLY;

We order NOMECO to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and in NOMECO's possession pursuant to their partnership contract;

We order the immediate execution of this order notwithstanding any appeals;

The costs shall be paid by NOMECO.

Republic of the Congo 1                    3

[stamp: EXECUTION COPY
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28] [signature]

[illegible signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

    And, we have signed this Order with the Registrar.
The signatures of the Presiding Judge and the Registrar follow.
The recording follows.
Recorded in Pointe-Noire on <u>December 28, 2004</u>
Certified true execution copy, checked against the original
Pointe-Noire, <u>December 28, 2004</u>
Chief Registrar

    In consequence thereof: the Republic of the Congo orders its registrars, based upon this application, to execute said judgment with the Attorneys General and Prosecuting Attorneys of the Appeals Courts and Courts of First Instance to assist all commanders and law enforcement agencies to lend a hand when they are required by law to do so.

In witness whereof, this execution copy has been signed and sealed by the Head Registrar of the Pointe-Noire Court of First Instance and delivered by him in the form of an execution copy.

[signed]

By the Court
Document Checked against the Original
The Head Registrar

R. Koud-Okouo, Attorney
Head Registrar

Republic of the Congo 1      4

ROLE CIVIL N° 1212 /    F° 204    C 1212
ANNEE 2004    **REPUBLIQUE DU CONGO**
REPERTOIRE N° 1130 / AU NOM DU PEUPLE CONGOLAIS
DU 28 DECEMBRE 2004.-    - ORDONNANCE -

AFFAIRE : LA S.N.P.C

CONTRE : LA SOCIETE NOMECO

OBJET : REFERE D'HEURE A HEURE.-

L'AN DEUX MIL QUATRE ;

ET, LE VINGT HUIT DU MOIS DE DECEMBRE ;

PAR DEVANT NOUS, Norbert KIENGA, Président du Tribunal de Grande Instance de Pointe-Noire, tenant audience publique des référés en notre Cabinet sis au Palais de Justice de cette ville ;

Assisté de Maître Catherine KEDET ISSONGO, Greffier Principal ;

A COMPARU

La Société Nationale des Pétroles du Congo, en sigle SNPC, établissement public à caractère industriel et commercial, dont le siège social à Brazzaville B.P. 68, agissant aux diligences de son représentant légal ;

La SNPC a été saisie par les créanciers Américains de l'Etat Congolais NOMECO qui devait lui livrer une cargaison de 550.000 barils de pétrole, refuse de s'exécuter au motif que cette cargaison fait l'objet d'une saisie, suivant la décision du Tribunal de l'Etat de Texas du 1<sup>er</sup> Octobre 2004, rendant possible la saisie attributive de la dite cargaison ;

Or une décision de justice rendu par une juridiction étrangère, même en présence de la renonciation par le débiteur de son immunité de juridiction et d'exécution ne peut pas s'exécuter de plein droit en territoire étranger qu'elle doit, pour recevoir exécution, être soumise à la procédure d'exequatur telle que prévue par l'article 299 du code de procédure civile, commerciale, administrative et financière selon lequel : "sauf conventions diplomatiques contraires, les jugements rendus par les tribunaux étrangers et les actes reçus par les officiers publics ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurait été compétente "rationé matérae" pour en connaître";

Qu'en l'espèce et sans qu'il soit nécessaire de débattre du bien fondé ou non de l'action en saisie des créanciers d'origine Américaine, il y a lieu de relever que la décision sur laquelle se fonde la Société NOMECO n'a jamais été exéquaturée et, pire, le tribunaux congolais ne sont pas encore saisis d'une demande en ce sens ;

Qu'il convient donc, la question de l'enlèvement de la cargaison détenue par NOMECO étant urgente et composant un péril certain, d'ordonner sur minute que la Société NOMECO livre à tout opérateur que lui désignera la S.N.P.C ladite cargaison ;

.../...



EXHIBIT 2

- 2 -

### SUR QUOI, NOUS JUGE DES REFERES

Attendu qu'il résulte de l'examen des pièces du dossier que la société CMS NOMECO a fait application du jugement américain à l'encontre de la société SNPC rendu en date du 23 Décembre 2004 ;

Attendu que ledit jugement n'est pas encore exéquaturé par les juridictions congolaises ;

Que dans ces conditions, ledit jugement ne satisfait pas aux dispositions légales notamment l'article 299 du code de procédure civile, commerciale, administrative et financière qui dispose que " Sauf conventions diplomatiques contraires, les jugements rendus par les Tribunaux étrangers et les actes reçus par les officiers publiques ou ministériels étrangers ne sont susceptibles d'exécution sur le territoire congolais qu'après avoir été déclarés exécutoires par une juridiction congolaise qui aurait été compétente ratione materiae pour en connaître ;

Attendu que ledit jugement n'a jamais été signifié à la S.N.P.C ;

Attendu que dans ces conditions, la requête de la société SNPC est donc régulière et recevable en vertu de l'article 207 du code de procédure civile, commerciale, administrative et financière ;

Attendu au fond qu'elle est fondée ;

Qu'il y a lieu d'y faire droit ;

Qu'il échet d'ordonner à la société NOMECO de délivrer sans délais à tout opérateur que lui désignera la SNPC, toutes les quantités d'hydrocarbures lui appartenant et détenues par elle en vertu de leur contrat de partenariat ;

Attendu que la société CMS NOMECO bien que régulièrement convoquée, a comparu par le biais de Monsieur Benoît DE LA FOUCHARDIERE, Directeur des opérations, représentant le Directeur Général ;

Qu'il y a lieu de lui donner acte ;

Attendu que la société NOMECO a succombé au procès ;

Qu'il y a lieu de la condamner aux dépens conformément à l'article 57 du code de procédure civile, commerciale, administrative et financière ;

### PAR CES MOTIFS

Statuant publiquement, contradictoirement, en référé, en matière civile et en premier ressort ;

### AU PRINCIPAL

Renvoyons les parties à mieux se pourvoir ainsi qu'elles en aviseront ;

### MAIS DES A PRESENT, VU L'URGENCE ET PAR PROVISION

Constatons que le jugement américain du 23 Décembre 2004 n'est pas exécuturé par les juridictions Congolaise ;

Constatons que ledit jugement n'a pas été signifié à la société SNPC ;

.../...

- 5 -

EN CONSEQUENCE :

Ordonnons à la société NOMECO de livrer sans délai à tout opérateur que lui désignera la SNPC, toutes les quantités d'hydrocarbures lui appartenant et détenues par elle en vertu de leur contrat de partenariat ;

Ordonnons l'exécution provisoire de la présente ordonnance nonobstant toutes voies de recours ;

Mettons les dépens à la charge de la société NOMECO ;

Et, avons signé notre ordonnance avec le Greffier.



Me R. KOUD-OKOUO
Greffier en Chef

# Certification of Translation

*ATA Certified*
*Steven Sachs*

This is to certify that the following document:

Court Order in the matter of SNPC v. NOMECO

is an accurate and true translation prepared by the undersigned from French into English. I am a translator certified by the American Translators Association for translation from French into English.

_____          1-10-05
Steven Sachs                                                   Date
1312 Harbor Road
Annapolis, MD 21403

e-mail: steven@stevensachs.com
Ph: (301) 261-1016
Fax: (509) 461-9020

Subscribed and sworn before me on this 10th day of January of 2005

GAIL BROUGHTON
Notary Public
Anne Arundel County
Maryland
My Commission Expires 9/8/2006

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES    9/8/2006

# EXECUTION COPY        F. 204                    C 1212

### REPUBLIC OF THE CONGO ON
### BEHALF OF THE CONGOLESE PEOPLE

REGISTER No. 1212 /
OF DECEMBER 28, 2004                    O R D E R

IN THE MATTER OF: SNPC

VERSUS: NOMECO

SUBJECT: IMMEDIATE SUMMONS

[stamp: EXECUTION COPY
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28]      [signature]

---

IN THE YEAR TWO THOUSAND AND FOUR:

AND ON THE TWENTY-EIGHTH DAY OF THE MONTH OF DECEMBER;

BEFORE US, Norbert Elanga, Presiding Judge of the Pointe-Noire Court of First Instance, holding an urgent public hearing in our Chambers in the Courthouse of said city;

Assisted by Cathérine Kedet Issongo, Head Registrar;

### THE FOLLOWING APPEARED

Société Nationale des Pétroles du Congo, (acronym: SNPC), a government-owned industrial and commercial enterprise, with headquarters at B.P. 88, Brazzaville, filing through it legal representative;

The SNPC has been garnished by the American obligees of the Congolese State, NOMECO, which was to deliver to it a cargo of 550,000 barrels of oil, and refuses to do so on the grounds that said cargo has been garnished based on the decision of the Court of the State of Texas of December 23, 2004, making possible the garnishment of said cargo;

Yet a court decision handed down by a foreign jurisdiction, even when the obligor renounced its immunity from jurisdiction and execution, cannot be automatically executed abroad and that, to be executed, it is necessarily subject to an execution procedure as stipulated by Article 299 of the Code of Civil, Commercial, Administrative

[stamp: EXECUTION COPY  
Certified True Copy  
Joachim Mitolo, Attorney at Law  
B.P. 1384 [Tel. 94 83 28] [signature]]

[illegible signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

and Financial Procedure, according to which: "Unless there are diplomatic conventions that stipulate otherwise, judgments handed down by foreign courts and official instruments by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that has *ratione materiae* jurisdiction to take cognizance thereof;"

That in this case and with no necessity of debating the merits or the lack thereof of the action to seize by the U.S. obligees, there is reason to find that the decision that NOMECO is using as a basis has never been executed. Worse, the Congolese courts have not yet received an application for authority to enforce this judgment;

Therefore, the matter of removing the cargo in the possession of NOMECO is urgent and entails a certain peril, so that it should be made enforceable immediately that NOMECO deliver said cargo to any operator that the SNPC [Société nationale des pétroles du Congo – Congo National Petroleum Company] may designate;

## BASED UPON WHICH, WE, THE JUDGE FOR URGENT MATTERS

Whereas the examination of the exhibits in the file shows that NOMECO has applied a U.S. judgment handed down in the State of Texas on December 23, 2004 against the SNPC;

Whereas said judgment has never been executed by the Congolese jurisdictions;

That under these conditions, said judgment does not satisfy the statutory provisions of Article 299 in particular of the Congolese Code of Civil, Commercial, Administrative and Financial Procedure, which stipulates that "unless there are diplomatic conventions to the contrary, the judgments handed down by foreign courts and instruments received by foreign public or ministerial officers may not be executed in the Congo until they have been declared enforceable by a Congolese jurisdiction that was given *ratione materiae* jurisdiction to take cognizance of the matter;

Whereas, said judgment has never been notified to the SNPC;

Whereas since the application of the SNPC is thus in order and admissible under Article 207 of the Code of Civil, Commercial, Administrative and Financial Procedure;

Whereas it has merit in terms of the substance;

That there is reason to accept it;

Republic of the Congo 3                    2

[stamp: EXECUTION COPY    [illegible signature]
Certified True Copy
Joachim Mitolo, Attorney at Law
B.P. 1384 [Tel. 94 83 28] [signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

That NOMECO is ordered to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and that are in NOMECO's possession pursuant to their partnership contract;

Whereas NOMECO, duly convened, has appeared through the representative of the Director General, Mr. Benoît de la Fouchardière, Operations Manager;

It is to be officially recorded;

Whereas NOMECO has lost the case;

That there is reason to hold NOMECO responsible for the costs in accordance with Article 57 of the Code of Civil, Commercial, Administrative and Financial Procedure;

## NOW THEREFORE

Ruling in public based on the arguments of both parties on an urgent basis in a civil matter in the first instance;

## ON THE MERITS

We refer the parties to enter an appeal as they shall advise;

## BUT AT THIS TIME, GIVEN THE URGENCY AND BY WAY OF ADVANCE

We find that the judgment of December 23, 2004 has not yet been confirmed by the Congolese jurisdictions;

We find that said judgment has never been served upon the SNPC;

CONSEQUENTLY;

We order NOMECO to deliver without delay to any operator that the SNPC designates all quantities of hydrocarbons that belong to it and in NOMECO's possession pursuant to their partnership contract;

We order the immediate execution of this order notwithstanding any appeals;

The costs shall be paid by NOMECO.

And, we have signed this Order with the Registrar.

Republic of the Congo 3                3

[stamp: EXECUTION COPY  
Certified True Copy  
Joachim Mitolo, Attorney at Law  
B.P. 1384 [Tel. 94 83 28] [signature]

[illegible signature]

[seal: POINTE-NOIRE COURT OF FIRST INSTANCE]

The signatures of the Presiding Judge and the Registrar follow.  
The recording follows.  
Recorded in Pointe-Noire on December 28, 2004  
Certified true execution copy, checked against the original  
Pointe-Noire, December 28, 2004  
Chief Registrar

In consequence thereof: the Republic of the Congo orders its registrars, based upon this application, to execute said judgment with the Attorneys General and Prosecuting Attorneys of the Appeals Courts and Courts of First Instance to assist all commanders and law enforcement agencies to lend a hand when they are required by law to do so.

In witness whereof, this execution copy has been signed and sealed by the Head Registrar of the Pointe-Noire Court of First Instance and delivered by him in the form of an execution copy.

[signed]

By the Court  
Document Checked against the Original  
The Head Registrar

R. Koud-Okouo, Attorney  
Head Registrar

Republic of the Congo 3    4