# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WALKER INTERNATIONAL )
HOLDINGS LIMITED )
 )
Plaintiff, )
 )
v. ) Civil Action No. A-03-CA-117-SS
 )
THE REPUBLIC OF CONGO and )
CAISSE CONGOLAISE )
D'AMORTISSEMENT, )
 )
Defendants. )

## TURNOVER ORDER

Upon review of Walker International Holdings Limited's ("Walker") Motion for Turnover Order, the Court hereby makes the following findings and enters the following Order pursuant to Fed. R. Civ. P. 69(a), Tex. Civ. Prac. & Rem. Code § 31.002:

WHEREAS:

A.  Walker obtained an Arbitration Award in the International Chamber of Commerce, which was confirmed by the French Courts and confirmed in the United States District Court for the District of Columbia on March 15, 2002 against the Defendant Republic of Congo in the amount of $26,093,251.00 plus interest;

B.  In this Action, Walker registered its judgment in this Court on February 27, 2003;

C.  Walker instituted a separate garnishment action against *inter alia*, CMS Nomeco Congo, Inc., The Nuevo Congo Company, and Nuevo Congo Ltd. (collectively the

"Garnishees") in an effort to identify and execute on any amounts owed or to be owed to the Congo;

D.  While the Walker actions were pending another of Congo's creditors, Af-Cap, Inc. sought writs of garnishment and a Turnover Order against Congo and the Garnishees as the current owner of interests in, a Convention for the production of oil and gas in the Congo dated May 25, 1979 (the "Convention");

E.  This Court entered a turnover order in Civil Action No. A-01-CA-321-SS on February 23, 2005.

F.  Under the terms of the Convention, the Garnishees owe and pay oil royalties to the Congo;

G.  The Fifth Circuit has ruled that the royalty obligations owed to the Congo are, under 28 U.S.C. § 1610(a), "property in the United States of a foreign state...used for a commercial activity in the United States";

H.  The Fifth Circuit has also ruled that the Congo is barred from opposing the entry of this Turnover Order;

I.  A reasonable period of time has elapsed following the entry of judgment under 28 U.S.C. § 1610(c); and

J.  Walker has demonstrated to the Court's satisfaction that the royalty obligations: (1) cannot readily be attached or levied upon by ordinary legal process under Tex. Civ. Prac. & Rem. Code § 31.002(a)(1); and (2) are not exempt from execution for the satisfaction of the Congo's debt under Tex. Civ. Prac. & Rem. Code § 31.002(a)(2).

It is hereby ORDERED that:

1.  Walker is entitled to this Turnover Order against the Congo for the payment of $26,093,251.00 plus interest.

2. The Court hereby takes possession and control of all future royalty obligations owed to the Congo under the Convention and this Order shall constitute a judgment lien upon the Congo's property interests in, and its rights to receive payment of, its royalty share from the Garnishees or other parties. This order shall take effect immediately after the order to Af-Cap, Inc. in Docket No. A-01-CA-321-SS is satisfied.

3. In Civil Action No. A-01-CA-321-SS, this Court has ordered the Congo to turn over such royalty payments into the registry of the Court and to execute a letter of instruction from the Congo to the parties who pay royalties under the Convention to the Congo revoking prior instructions regarding payment of royalty and instructing that the royalty be paid in cash into the registry of the Court.

4. To enforce the judgment in this case, the Court orders the Congo to turn over such royalty payments in satisfaction of the judgment and any additional sums required to be paid by the Court and to execute in three originals the attached supplemental letter of instruction (Exhibit A). One executed original of such letter shall be filed with the Court, one shall be served on counsel for Walker, and one shall be served on counsel for the Garnishees.

5. Until such time as the executed letters of instruction are filed and served as directed above, the Congo and all persons acting in concert with it, together with all persons having actual knowledge of this Order, are restrained and enjoined from transferring, concealing, or otherwise disposing of the Congo's interest in the property.

6. All royalties paid into the registry of the Court pursuant to the supplemental letters of instruction shall be applied in favor of Walker by the Clerk of the Court to satisfy the judgment in this case and any additional sums required to be paid by any Order of this Court. However, no royalties shall be applied in favor of Walker unless and until the judgment in Civil Action No. A-01-CA-321-SS has been paid.

438614

3

SO ORDERED this 6th day of ~~March~~ April, 2005.

*[signature]*
The Honorable Sam Sparks
United States District Judge

438514                     4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WALKER INTERNATIONAL HOLDINGS LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>THE REPUBLIC OF CONGO and CAISSE CONGOLAISE D'AMORTISSEMENT,<br><br>Defendants. | Civil Action No. A-03-CA-117-SS |

### EXHIBIT A TO TURNOVER ORDER

CMS Nomeco Congo, Inc.
Nuevo Congo Company
Nuevo Congo, Ltd.
c/o Their Counsel
Mr. Guy S. Lipe
Vinson & Elkins, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002-6760

Ladies and Gentlemen:

Pursuant to the attached Turnover Order in this case entered by the United States District Court, the Republic of Congo ("Congo"), on its own behalf or through its lawfully authorized designee, hereby demands, directs, and elects that you pay into the registry of the United States District Court for the Western District of Texas in cash all mineral royalty due under the Joint Operating Agreement ("JOA") dated May 25, 1979 to The Republic of Congo in accordance with Articles 7 and 4.11, respectively, of the Convention regarding the Marine I Field dated May 25, 1979 ("the Convention") and the JOA. This letter supplements the letter of instruction sent to you pursuant to the Turnover Order entered by the United States District Court in Civil Action No. A-01-CA-321-SS.

The amounts to be paid pursuant to the preceding paragraph shall include all royalty amounts currently owed by either you, your successors and assigns, or your affiliates, to the

440654

Congo pursuant to the JOA and Convention in respect of all periods beginning ninety days from the date of this letter. This payment instruction takes effect immediately following your satisfaction of the payment obligation under the Turnover Order issued to another of Congo's creditors, Af-Cap, Inc., in Civil Action Number A-01-CA-321-SS. The payments made to the registry of the Court shall, to the extent thereof, be considered by the Congo as in fulfillment of your obligations, and shall be treated by the Congo as payment of the royalty.

This payment instruction shall be irrevocable except that it shall expire when payments to the Court's registry are no longer required by the terms of the attached Turnover Order entered by the U. S. District Court for the Western District of Texas.

Very truly yours,

By: _____

Dated: _____, 2005.

440654

2