# EXHIBIT M



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FG HEMISPHERE ASSOCIATES, L.L.C. § <br> Plaintiff, § <br> § <br> v. § <br> REPUBLIQUE DU CONGO § <br> Defendant, § <br> and § <br> § <br> CMS OIL AND GAS COMPANY, et. al., § <br> § <br> Putative Garnishees. § | CIVIL ACTION No. H-02-4261 |

### NOTICE OF CMS NOMECO CONGO INC., THE NUEVO CONGO COMPANY, AND NUEVO CONGO LTD. OF ANTICIPATED SALE AND TRANSFER OF WORKING INTERESTS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Garnishees CMS Nomeco Congo Inc., The Nuevo Congo Company, and Nuevo Congo Ltd. ("the Working Interest Owner Garnishees"), in accordance with this Court's prior Order dated May 20, 2003, hereby give notice to the Court and to the parties of their intention to sell and transfer their working interests under the Convention dated May 29, 1979 ("the Convention") for the production of oil in The Republic of Congo ("the Congo") and the Marine 1 Permit relating thereto.

1. The Working Interest Owner Garnishees are holders of working interests under the Convention and Marine 1 Permit and are actively involved in the production of oil in Congolese waters pursuant thereto. CMS Nomeco Congo Inc. is the operator under the Convention and related Joint Operating Agreement.

2. As shown by the copy letter attached hereto as Exhibit A, the Congolese government has asserted that article 120 of the OHADA Uniform Act requires that the working interests under the Convention and Marine 1 Permit be held by Congolese companies. The

OHADA Treaty (Organisation for the Harmonisation of Business Law in Africa) is a regional treaty signed by 16 west African countries (including Congo) whose Uniform Acts prevail over individual national legislation. Under article 120 of the Uniform Act, a foreign company cannot continue to operate through a branch in the relevant OHADA country for more than 2 years without a Government waiver: the branch is thereafter required to be attached to a company governed by the laws of one of the countries which are party to the Treaty. Similar letters have been sent to other operators operating in the Congo. If the Working Interest Owner Garnishees fail to comply, there is the risk that the Congo will terminate the Convention, causing the Working Interest Owner Garnishees to lose their investment in the country.

3. Furthermore, beginning in January 2001 and continuing to the present, judgment creditors of the Congo have sought writs of garnishment against the Working Interest Owner Garnishees, seeking to garnish royalty obligations of the Working Interest Owner Garnishees to the Congo under the Convention. Additionally, judgment creditors in this and other litigation have sought to garnish the right of SNPC, the state-owned oil company of the Congo, to take working interest oil as a working interest owner under the Convention and Joint Operating Agreement.

4. On February 22, 2005, in Case No. A-01-CV-321-SS in the Western District of Texas ("the 321 Case"), a case in which the Working Interest Owner Garnishees are not parties, the Court entered a Turnover Order against the Congo (but not the Working Interest Owner Garnishees) which directed the Congo to issue an instruction letter to the Working Interest Owner Garnishees electing to take royalties under the Convention in cash and instructing the Working Interest Owner Garnishees to make royalty payments into the registry of the Court in the Western District. A copy of the Turnover Order entered in the 321 Case is attached hereto as

Exhibit B. A representative of the Congo notified the Court in the 321 Case by letter that the Congo considered the Turnover Order unenforceable under Congolese law and refused to sign the instruction letter. A copy of that letter is attached hereto as Exhibit C. Subsequently, the Court in the 321 Case entered an Order directing the clerk of the Court to sign the instruction letter on behalf of the Congo. A copy of that Order is attached hereto as Exhibit D. On April 8, 2005, the clerk of the Western District issued the instruction letter. A copy of the instruction letter is attached hereto as Exhibit E.

5. In addition to the turnover relief sought in the 321 Case in the Western District, FG Hemisphere also has sought a turnover order in this case, seeking the order not only against the Congo but also against the Working Interest Owner Garnishees.

6. On July 4, 2005, a court in the Congo entered Orders against CMS Nomeco Congo Inc., holding that the U.S. court orders do not relieve CMS Nomeco Congo of its obligation as operator to deliver oil. Specifically, the court in the Congo held that the U.S. court orders are not enforceable under Congolese law. Copies of the Congo court orders, with certified translations thereof, are attached hereto as Exhibits F and G

7. The facts and circumstances described above have caused CMS Nomeco Congo Inc., The Nuevo Congo Company, and Nuevo Congo Ltd. to decide to sell their working interests under the Convention. Specifically, if the status quo is maintained, they risk, through no fault of their own, not only double liability due to the conflicting court decisions in the Congo and U.S., but also the loss of their interests in the Convention and Permit (and thus the whole of their investment in Congo) either through a failure to comply with OHADA law or a failure to comply with the above-referenced Congo court orders. Accordingly, CMS Nomeco Congo Inc., The Nuevo Congo Company, and Nuevo Congo Ltd., in order to protect their legitimate business

3

interests, intend to convey their working interests. The purchasers will be companies to be formed under Congolese law. The consideration to be paid for the sales will be cash. Upon closing of the conveyances, the working interests under the Convention will be owned by the Congolese purchasers of the working interests, and the rights and obligations under the Convention and Joint Operating Agreement previously held and owed by the Working Interest Owner Garnishees will be held and owed by the Congolese purchasers and not the Working Interest Owner Garnishees.

8. In compliance with the May 20, 2003 Order of this Court, the Working Interest Owner Garnishees give notice to the Court and the parties of their intention to consummate the transactions described in this notice no earlier than thirty days from the date of this notice.

Respectfully submitted,

_____
GUY S. LIPE
State Bar No. 12394600
VINSON & ELKINS L.L.P.
2300 First City Tower
1001 Fannin
Houston, Texas  77002-6760
(713) 758-1109
(713) 615-5607 fax

Attorneys For CMS Nomeco Congo Inc., The Nuevo Congo Company, and Nuevo Congo Ltd.

4

## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2005, a true and correct copy of the foregoing instrument was delivered to the following in the manner indicated:

Dillon J. Ferguson (*Via Hand Delivery*)
Phillip G. Oldham
Andrews & Kurth L.L.P.
600 Travis, Suite 4200
Houston, Texas 77002

Danforth Newcomb (*Via Federal Express*)
Shearman & Sterling
599 Lexington Avenue
New York, NY 10022

Andrew L. Jefferson, Jr. (*Via Hand Delivery*)
1314 Texas Street, Suite 500
Houston, Texas 77002-3513

Boaz S. Morag (*Via Federal Express*)
Cleary, Gottlieb, Steen & Hamilton
One Liberty Plaza
New York, New York 10006

Roland Garcia (*Via Hand Delivery*)
Greenberg Traurig, LLP
3200 Travis Street, Third Floor
Houston, Texas 77006

Guy S. Lipe

2283499_1.DOC

Received 07/12/2005 10:16AM in 01:18 on line [7] for GL0607 * Pg 2/3
12/07/2005 16:18   0                                                    PAGE 02/03
12. JUL. 2005 17:07                                    A: 908147220 N° 751   P. 2 P:2/2
0033153576332

MINISTERE DES HYDROCARBURES

MINISTERE DU COMMERCE,
DE LA CONSOMMATION
ET DES APPROVISIONNEMENTS

N° 05×1 0431 /MHC-CAB

REPUBLIQUE DU CONGO
Unité – Travail – Progrès

Brazzaville, le  1 8 MAI 2005

Les Ministres,

A

CMS Nomeco Congo

**POINTE-NOIRE**

Reçu le 2 7 MAI 2005

Objet : Obligation de constitution
d'une société de droit congolais

Monsieur le Directeur Général,

Suivant les dispositions de l'article 33 du Code des Hydrocarbures, la société étrangère titulaire d'un titre minier peut s'implanter au Congo sous les formes juridiques de société de droit congolais ou de succursale immatriculée au registre du commerce et du crédit mobilier.

Par ailleurs, l'article 120 de l'Acte uniforme relatif au droit des sociétés commerciales et du groupement d'intérêt économique requiert de la société étrangère implantée en zone OHADA sous forme de succursale d'apporter, après deux années, ladite succursale à une société de droit de l'Etat d'implantation.

Les dispositions des actes uniformes OHADA prévalant sur celles du Code des Hydrocarbures, et votre société étant représentée au Congo par une succursale depuis plus de deux ans, nous vous demandons par la présente de bien vouloir procéder, dans les meilleurs délais, au remplacement de la succursale actuelle par une société de droit congolais.

Nous vous prions d'agréer, Monsieur le Directeur Général, l'expression de nos sentiments distingués.

Le Ministre d'Etat,
Ministre des Hydrocarbures,

Jean-Baptiste TATI-LOUTARD

Le Ministre du Commerce,
de la Consommation
et des Approvisionnements,

Adélaïde MOUNDELE NGOLO

EXHIBIT A

Received 07/12/2005 10:16AM in 01:18 on line [7] for GL0607 * Pg 3/3
12/07/2005 16:18  0                                                           PAGE 03/03
12. JUL. 2005 16:30                                            N° 750   P. 2

| MINISTRY OF HYDROCARBONS | REPUBLIC OF CONGO |
|---|---|
| MINISTRY OF COMMERCE, CONSUMPTION AND SUPPLIES | Unity-Work-Progress |

Brazzaville, the 18 May 2005

N° 05 x 0431/MHC-CAB

The Ministers,
to
CMS Nomeco Congo

Pointe-Noire

Subject: *Legal obligation to set up a company governed by Congolese law*

To the attention of the Managing Director:

Pursuant to the provisions contained in article 33 of the Hydrocarbons Code a foreign company holding mining titles has the obligation to be domiciled in Congo either through a company governed by Congolese law or through a subsidiary of a foreign company registered with the Registry of Companies and Liens.

Furthermore, article 120 of the OHADA Uniform Act on commercial companies and commercial interest groupings requires a foreign company operating in the OHADA zone under the form of a subsidiary for more then two years to transform the said subsidiary into a company governed by the relevant local law.

Consequently, since the provisions of the OHADA Uniform Act prevail over any provision of the Hydrocarbons Code and your company has been present in Congo through a subsidiary for more than two years we herby request the replacement of your subsidiary by a company governed by Congolese law.

Sincerely yours,

Minister of Hydrocarbons

Minister of Commerce,
Consumption
and Supplies

Jean-Baptise TATI-LOUTARD

Abdelaye WOUNDELE NGOLO

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AF-CAP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. A-01-CA-321-SS |
| v. ) | |
| ) | |
| THE REPUBLIC OF CONGO, ) | |
| ) | |
| Defendant. ) | |

## TURNOVER ORDER

In accordance with the Court's February 4, 2005, Order granting Plaintiff Af-Cap's Motion for Turnover Order, the Court hereby makes the following findings and enters the following Order pursuant to Fed. R. Civ. P. 69(a) and Tex. Civ. Prac. & Rem. Code § 31.002:

WHEREAS:

A.   The Connecticut Bank of Commerce (which assigned the judgment to Af-Cap and is referred to in the next two paragraphs as "Af-Cap") obtained a judgment from the Supreme Court of the State of New York, County of Kings on May 9, 2000, against the Defendant Republic of Congo ("Congo") in the amount of $13,628,340.11, plus interest;

B.   Af-Cap registered its New York judgment as a Texas judgment pursuant to Tex. Civ. Prac. and Rem. Code § 35.003 on January 11, 2001;

C.   Af-Cap obtained and subsequently served multiple garnishment writs on, *inter alia*, CMS Nomeco Congo, Inc., The Nuevo Congo Company, and Nuevo Congo Ltd.,

**EXHIBIT B**

127

(collectively the "Garnishees") in an effort to identify and execute on any amounts owed or to be owed to the Congo;

D.   The Garnishees filed answers to the writs stating that the Garnishees are successors to original parties to, and are the current owner of interests in, a Convention for the production of oil and gas in the Congo dated May 25, 1979 (the "Convention");

E.   Under the terms of the Convention, the Garnishees owe and pay oil royalties to the Congo;

F.   The Fifth Circuit has ruled that the royalty obligations owed to the Congo are, under 28 U.S.C. § 16 10(a), "property in the United States of a foreign state...used for a commercial activity in the United States";

G.   In December 1991, the Congo voluntarily agreed to the entry of a turnover order by the United States District Court for the Northern District of Illinois providing, in pertinent part, that a portion of the royalties, payable in cash or in kind, due and owing under the Convention would be paid to a judgment creditor and that the Congo would issue a payment instruction to the entities owing the royalty obligation directing such payment until satisfaction of the judgment, including interest;

H.   ~~The Congo is contractually obligated to consent to the enforcement of the judgment against any of its property, wherever located and irrespective of its use or intended use;~~ 

I.   A reasonable period of time has elapsed following the entry of judgment under 28 U.S.C. § 1610(c); and

J.   Af-Cap has demonstrated to the Court's satisfaction that the royalty obligations: (1) cannot readily be attached or levied upon by ordinary legal process under Tex. Civ. Prac. &

2

Rem. Code § 31.002(a)(1); and (2) are not exempt from execution for the satisfaction of the Congo's debt under Tex. Civ. Prac. & Rem. Code § 31.002(a)(2).

It is hereby ORDERED that:

1. Af-Cap is entitled to this Turnover Order against the Congo for the payment of $13,628,340.11, plus post-judgment interest, from May 9, 2000 at a rate of nine percent (9%) per annum, as provided in the New York Civil Practice Law and Rules §§ 5003 & 5004.

2. The Court hereby takes possession and control of all future royalty obligations owed to the Congo under the Convention and this Order shall constitute a judgment lien upon the Congo's property interests in, and its rights to receive payment of, its royalty share from the Garnishees or other parties.

3. The Court further orders the Congo to turn over such royalty payments into the registry of the Court and to execute in three originals within three days the attached letter of instruction (Exhibit A) from the Congo to the parties who pay royalties under the Convention to the Congo revoking prior instructions regarding payment of royalty and instructing that the royalty be paid in cash into the registry of the Court. One executed original of such letter shall be filed with the Court, one shall be served on counsel for Af-Cap, and one shall be served on counsel for the Garnishees.

4. Until such time as the executed letters of instruction are filed and served as directed above, the Congo and all persons acting in concert with it, together with all persons having actual knowledge of this Order, are restrained and enjoined from transferring, concealing, or otherwise disposing of the Congo's interest in the property.

3

5.  All royalties paid into the registry of the Court shall be applied in favor of Af-Cap by the Clerk of the Court to satisfy the judgment in this case and any additional sums required to be paid by any Order of this Court.

6.  The Court shall retain jurisdiction over this cause for the purpose of enforcing this Order.

SO ORDERED this 22nd day of February, 2005.

*Sam Sparks*
The Honorable Sam Sparks
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

AF-CAP, INC., )
 )
    Plaintiff, )
 )
        v. ) Civil Action No. A-01-CA-321-SS
 )
THE REPUBLIC OF CONGO, )
 )
    Defendant. )

### EXHIBIT A TO TURNOVER ORDER

CMS Nomeco Congo, Inc.
Nuevo Congo Company
Nuevo Congo, Ltd.
c/o Their Counsel
Mr. Guy S. Lipe
Vinson & Elkins, L.L.P.
1001 Fannin, Suite 2300
Houston, Texas 77002-6760

Ladies and Gentlemen:

Pursuant to the Turnover Order entered by the United States District Court, the Republic of Congo ("Congo"), on its own behalf or through its lawfully authorized designee, hereby demands, directs, and elects that you pay into the registry of the United States District Court for the Western District of Texas in cash all mineral royalty due under the Joint Operating Agreement ("JOA") dated May 25, 1979 to The Republic of Congo in accordance with Articles 7 and 4.11, respectively, of the Convention regarding the Marine I Field dated May 25, 1979 ("the Convention") and the JOA. Any previous elections with respect to the payment of such royalty in kind are hereby revoked.

The amounts to be paid pursuant to the preceding paragraph shall include all royalty amounts currently owed by either you, your successors and assigns, or your affiliates, to the Congo pursuant to the JOA and Convention in respect of all periods beginning ninety days from the date of this letter. The payments made to the registry of the Court shall, to the extent thereof, be considered by the Congo as in fulfillment of your obligations, and shall be treated by the Congo as payment of the royalty. ~~for tax and other purposes.~~

438657

This payment instruction shall be irrevocable except that it shall expire when payments to the Court's registry are no longer required by the terms of the attached Turnover Order entered by the U. S. District Court for the Western District of Texas.

Very truly yours,

By: _____

Dated: _____, 2005.

438657

2