# EXHIBIT N

**Kaplan, Kenneth P. (Assoc-DC-LT)**

| | |
|---|---|
| From: | Lipe, Guy [GLipe@velaw.com] |
| Sent: | Thursday, November 16, 2006 5:19 PM |
| To: | Kaplan, Kenneth P. (Assoc-DC-LT) |
| Cc: | Saunders, Sanford (Shld-DC-LT) |
| Subject: | RE: Af-Cap v.Congo & CMS |

Ken,

This email will supplement the email below sent to you on October 30, 2006.

As stated in my October 30 email, CMS Nomeco contemplates a transaction that would result in CMS Nomeco owning, directly or indirectly, 100% of the stock of the company that would own the Yombo Field working interest on a go-forward basis. CMS Nomeco has now determined that prior to such a transfer of the working interest, CMS Nomeco will convert to a non-Delaware entity. Of course, CMS Nomeco will not use that conversion as a basis for challenging the jurisdiction of the federal court in Delaware to resolve the issues arising out of the garnishment writ served in October 2005 that are scheduled to be tried in July 2007.

Regards,

Guy

---

**From:** Lipe, Guy
**Sent:** Monday, October 30, 2006 4:23 PM
**To:** kaplank@gtlaw.com
**Cc:** saunderss@gtlaw.com
**Subject:** RE: Af-Cap v.Congo & CMS

Ken,

This is in response to your email of Friday.

I will first address your motion to substitute. As I mentioned in our brief discussion in Austin, it is my current understanding that Af-Cap actually acquired an interest in the debt prior to the FDIC transaction that is referenced in your motion. Laura Klaus argued before the Fifth Circuit in June of this year that the fact that Af-Cap acquired the debt from the "U.S. government" should have some legal significance. In light of those facts, the details of Af-Cap's acquisition of an interest in the debt, independent of the FDIC transaction, are relevant to Af-Cap's arguments in the Delaware litigation. Since your motion is based on the FDIC transaction, and since you have provided no facts concerning any interest that Af-Cap may have acquired in the debt prior to the FDIC transaction, we will oppose your motion, pending discovery on the underlying facts.

With regard to your request that CMS Nomeco "informally" provide you with thirty days notice of a transaction involving CMS Nomeco's own property, i.e., its working interest in the Congolese oil concession, CMS Nomeco declines that request. Af-Cap has no right to interfere with CMS Nomeco's actions concerning its own property interests in the Congo, and CMS Nomeco has no legal obligation to either provide Af-Cap with information concerning its intended actions with regard to its own property interests in the Congo or to defer any such actions. CMS Nomeco will vigorously oppose any attempt by Af-Cap to interfere with CMS Nomeco's legitimate exercise of its right to conduct its own business affairs with regard to its own assets.

Notwithstanding the lack of any such obligations on CMS Nomeco's part, CMS Nomeco has authorized me to inform

you that the transaction that it contemplates is one that would result in CMS Nomeco owning, directly or indirectly, 100% of the stock of the company that would own the working interest on a go-forward basis.

Regards,

Guy Lipe

---

**From:** kaplank@gtlaw.com [mailto:kaplank@gtlaw.com]
**Sent:** Friday, October 27, 2006 8:03 AM
**To:** Lipe, Guy
**Cc:** saunderss@gtlaw.com
**Subject:** Af-Cap v. Congo & CMS

Guy:

Further to our conversation Monday in Austin, attached please find the following.

   1. Af-Cap's Unopposed Motion to Substitute filed in the Western District Action. Exhibit A to the Motion shows that the FDIC transferred its right, title and interest in the judgment to Af-Cap on September 3, 2002.

   2. Motion to Substitute that we propose to file in the D. Delaware action. As you can see, the Motion is identical to the one filed in the W.D. Texas action and relies upon the same factual evidence for its basis to substitute. We trust, therefore, that CMS will take the same position as before and not oppose Af-Cap's Motion to Substitute.

Kindly provide us your position on the Delaware motion to substitute by 5:00 p.m. east coast time on Monday, October 30, 2006.

Separately, we understand that Judge Ellison has lifted the requirement that CMS provide notice prior to removing its assets outside the United States such that it would potentially remove the assets from the jurisdiction of the pending creditor actions. Previously, CMS has provided mixed signals regarding the status of the transaction and, based on our records, last reported to the Southern District that the deal to transfer assets was not complete. Given the pending litigation in Delaware, and the ongoing action in the Western District of Texas and the Fifth Circuit, we request an update on the status of the transaction. Further, we request that you advise us at least thirty days prior to such transaction occurring. We would prefer that you provide this information to us informally in order to avoid unnecessary legal proceedings as we contend that the transfer is improper and knowingly designed to frustrate the Congo's creditors. Alternatively, we will seek expedited discovery to obtain an answer. Thank you, in advance, for your cooperation on this matter.

Should you have any questions, please do not hesitate to contact us.

Sincerely,
Ken

Kenneth P. Kaplan
Greenberg Traurig LLP
800 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006
(202) 331.3191 (O)
(202) 261.0156 (F)

11/27/2006

(202) 441.9753 (M)
kaplank@gtlaw.com

---

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. To reply to our email administrator directly, please send an email to postmaster@gtlaw.com.

---

To the extent this communication contains any statement regarding federal taxes, that statement was not written or intended to be used, and it cannot be used, by any person (i) as a basis for avoiding federal tax penalties that may be imposed on that person, or (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

......CONFIDENTIALITY NOTICE......

The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

Thank You.

11/27/2006